WILLIAM E. LANE, JR., and S. ALLEN MEAD, Plaintiffs, v. ELLSWORTH E. JOHNSON, FRED BREMNER, H. STANTON REYNOLDS, CLARENCE W. VALENTINE, JAMES H. FERRIS, WILLIAM E. KING, BERTEL BUHL, VINCENT W. HAIGHT, Defendants.— On submission, on an agreed statement of facts, of a controversy relating to the validity of the election of the defendants as town officers at a general election held November 7, 1939, in the town of Cortlandt, Westchester county, judgment unanimously directed for plaintiffs, without costs. The election officials were justified in relying upon the validity of chapter 194 of the Laws of 1938 in the set-up of the election facilities in Peekskill. When they did so, they made no provision for the electorate in Peekskill to exercise in the usual course the right of selection in respect of town officers. After the election the statute upon which they relied was declared invalid. (*Town of Cortlandt* v. *Village of Peekskill*, 281 N. Y. 490.) The result of the action of the election officials was that the electorate in Peekskill did not exercise their right of selection which would have been available to them if they had known that the statute in question was invalid. A valid election presupposes an " opportunity to reject or choose another." (*People ex rel. Woods* v. *Crissey*, 91 N. Y. 616, 635.) That opportunity was not afforded the electorate

in Peekskill as a consequence of the then justified reliance upon the validity of chapter 194 of the Laws of 1938. It follows, therefore, that the election of the defendant town officers was ineffectual (*People ex rel. Deitz* v. *Hogan,* 214 N. Y. 216), and that the plaintiffs are hold-over officers under section 5 of the Public Officers Law until a valid election shall have been held wherein the electorate in Peekskill may be afforded an opportunity to select or reject in the exercise of their constitutional right to vote. The fact that the electorate in Peekskill, if they had known the statute was invalid, could have exercised their constitutional right by the writing-in method is not a bar to a holding that a valid election was not had, as they had a right to assume, as did the election officials, that the statute which was afterwards declared invalid, was valid. (*People ex rel. Deitz* v. *Hogan, supra.*) Permission to appeal to the Court of Appeals is hereby given to defendants, and the execution of the judgment to be entered hereon is stayed pending review by the Court of Appeals. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.