In the Matter of THOMAS H. COULTER, as Assessor of the
Town of Cortlandt, Respondent.
CLESSON CROFT, Appellant.

Argued March 3, 1941; decided March 13, 1941.

*Myle J. Holley* for appellant.

*Charles I. Sterling* for City of Peekskill, *amicus curiæ.*

*Robert E. Dempsey* and *Frank J. Mahony* for respondent.

LEHMAN, Ch. J. At the general election held in the town of Cortlandt in November, 1937, town officers were elected for terms expiring on December 31, 1939. When that election was held the village of Peekskill was part of the town of Cortlandt. · Thereafter the Legislature enacted chapter 194 of the Laws of 1938 entitled " An Act to provide a charter for the city of Peekskill." By its terms the statute was to become effective on January 1, 1940, but only if a proposition that the statute should be " approved " was adopted by a majority of the votes cast at the village election of the village of Peekskill to be held on April 12, 1938. A majority of the votes at the election were cast for approval of a proposition. The boundaries of the village of Peekskill were the same as the boundaries of the proposed city of Peekskill and in the statute it was provided that from and after January 1, 1940, the territory included within the boundaries of the said city " shall not constitute or be a part of the town of Cortlandt." (§ 5.) Accordingly at the election, held in 1939, for officers of the town of Cortlandt to take the place of the town officers whose terms expired on December 31, 1939, the names of candidates for town officers appeared on the voting machines only outside the territory of the proposed city and, on the voting machines within the territory of the proposed city, only the names of candidates for city officers appeared.

Even before that election, however, question had been raised whether the statute (L. 1938, ch. 194) was valid under the Constitution of the State and whether the proposition that the statute should be approved had been submitted in legal manner to the voters at the village election held in April, 1938; and the town of Cortlandt had brought an action to obtain a declaratory judgment determining that the statute was inoperative and void. In October,

1939, the Appellate Division affirmed the judgment of Special Term dismissing the complaint in that action. On appeal to this court, heard and decided in November, 1939, after the election, the judgment was reversed, the court holding that the statute never became effective because notice had not been given as required by law that at the village election held in April, 1938, a proposition would be submitted to the voters that the statute should be approved. (*Town of Cortlandt* v. *Village of Peekskill*, 281 N. Y. 490.) Thus belatedly and after election, there was a final authoritative decision that the territory within the boundaries of the village of Peekskill would remain a part of the town of Cortlandt after December 31, 1939, and that the voters within the village were entitled to vote at the November election for town officers to succeed the town officers whose terms expired at the close of that year.

The question then remained whether the candidates for town office who had obtained a plurality of the votes cast at the general election of November, 1939, were validly elected although, through mistake of law, their names had not been placed before the voters in the most populous part of the town. If those candidates were not validly elected, then each town officer holding office and performing the duties of his office at the end of the year was commanded by statute to " hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified." (Public Officers Law, § 5; Cons. Laws, ch. 47.) The officer, holding over, would in such case be the only person who could lawfully perform the duties of the office and every official act performed by him in accordance with the authority vested in 'him by law would be as effective as if performed before the expiration of his term. The question whether those candidates for town office, whose names had appeared on the voting machines in the part of the town outside of the village of Peekskill and who had received a majority of the votes cast, were entitled to office could be authoritatively settled only by the courts and

pending such decision those in office continued to perform their official duties. Unless they had done so there would have been no government within that territory. Regardless of whether the old town officers were entitled to hold over after the expiration of their terms because no successors had been elected, or whether candidates for town offices were legally elected at the November election for the term beginning on January 1, 1940, public necessity dictated that the old officers should continue to perform their duties and public necessity would also dictate that their acts done in the course of the performance of their duties should be accorded *at least* the effect given to the acts of *de facto* public officers.

The Board of Assessors of the town is appointed by the Town Board (Town Law, § 20; Cons. Laws, ch. 62) for a term of two years (§ 24). The term of the Board of Assessors appointed in January, 1938, expired in January, 1940, and the members of the old Town Board who continued to perform the duties of office, though their terms had expired, appointed a new Board of Assessors for a term of two years beginning in January, 1940. The Board of Assessors so appointed now claim that the appointment was made lawfully by a legally constituted Town Board and that they are entitled to hold office for the term for which they were appointed. To support that claim they argue that the Town Board making the appointment was acting in accordance with rights conferred by law, and not merely under a color of right, when it continued to hold office after the expiration of the term for which the members of the Board were elected and appointed the Town Board of Assessors for a full two-year term.

The controversy over the right to hold office between the members of the old Town Board and the candidates who claimed that they had been elected as successors to the old Board at the election held in November, 1939, was submitted to the Appellate Division, pursuant to sections 546 to 548 of the Civil Practice Act. That court held that the election was ineffective and that the members of the old

Town Board were entitled to continue in office until successors were legally elected. (*Lane* v. *Johnson*, 258 App. Div. 1079.) We assume that under the law in effect when that decision was rendered the Appellate Division could not have reached any other decision. When this court decided that chapter 194 of the Laws of 1938 did not in accordance with its terms become effective, we said, in the opinion of RIPPEY, J., that " the government of the village of Peekskill continues to function * * * in all respects as it functioned at the time of 'the passage of the act creating the city of Peekskill " (*Town of Cortlandt* v. *Village of Peekskill, supra,* p. 498), and it follows, as the Appellate Division held, that the inhabitants of the village of Peekskill should not be deprived of opportunity to vote for town officers of the town of Cortlandt who would perform their official duties while the government of the village of Peekskill continued to function as before and the village remained a part of the town.

Before the decision of the Appellate Division in *Lane* v. *Johnson* (*supra*) was reviewed in this court, the Legislature had, however, changed, by new statute, the law as it existed when the Appellate Division had rendered its decision. This court, giving to the statute, as it was bound to do, the retrospective effect intended by the Legislature, reversed the decision of the Appellate Division, but it indicated that in the absence of the new statute, it might well have reached the same conclusion as the Appellate Division had reached. (*Lane* v. *Johnson*, 283 N. Y. 244.)

The statute to which we were bound to give its intended retrospective effect (L. 1940, ch. 409) was intended, we pointed out, to cure " the defects in the notice of the election of April, 1938, at which the proposition whether the ' Act to incorporate the city of Peekskill ' should be approved was submitted to the qualified voters " and we said that " Then, the statute incorporating the city, which until that time was ' inoperative ' under the decision of this court rendered in November, 1939, would be given effect according to its terms as if the voters had given approval at a

valid election. The separation of the city of Peekskill from the town of Cortlandt would be complete. The town officers chosen by a majority of the voters in the territory outside of the city would have jurisdiction only in that territory " (p. 253). For that reason we held that by chapter 409 of the Laws of 1940, the Legislature effectively incorporated the city of Peekskill and excluded the territory within the city from the town of Cortlandt in the manner provided by the earlier statute which we had previously. declared inoperative and that, *from the time that the new statute became effective,* those persons previously elected to city and town offices at the election held in November, 1939, though such offices had not been established by any statute then in effect, were entitled under the new statute to occupy the offices for which they had been prematurely elected. In accordance with that decision the old Town Board could no longer hold office. The new Town Board then proceeded to appoint a new Board of Assessors. Upon the appeal now under consideration we must decide whether the Board of Assessors previously appointed by the old Town Board for a term of two years may continue to hold office till the end of the term, or whether the new Town Board may appoint a new Board of Assessors for the remainder of that term. The parties urge upon us conflicting inferences which they have drawn from what we said or decided in *Lane* v. *Johnson,* but both parties seek to read into the opinion words not said and conclusions which were not considered by us and were not implied in our words.

It is argued on the one hand that although this court had pointed out in *Town of Cortlandt* v. *Village of Peekskill* (*supra*) that the statute incorporating the city of Peekskill never became effective and that the government of the village of Peekskill continued to function as before and would continue to function as before until a city government was established by a new statute, yet that thereafter the court, in *Lane* v. *Johnson* (*supra*), held that by new statute the Legislature had given effect to the statute the court had previously declared was without effect, and the

Legislature thus had retroactively given life to a still born municipal corporation and conferred legitimacy upon a municipal government which previously did not function and which had no legal right to function. On the other hand, since in *Lane* v. *Johnson* (*supra*) we held that the city of Peekskill was established only in 1940 when chapter 409 of the Laws of 1940 became effective, it is argued that until then the members of the Town Board were *de jure* officers holding their office lawfully until successors were elected, and had power to appoint other town officers in accordance with the provisions of the Town Law, and that the town officers so appointed may continue to hold office until the expiration of the term for which they were appointed. We reject both contentions at least in part.

The distinction between the effect of the official acts of public officers lawfully exercising their official powers and the acts of persons occupying public office without lawful right, but under a color of right, is not the product of legal fictions, but rather of public policy and public necessity. Here the Town Board continued in office in accordance with law, but the right of the Board to continue in office must, in accordance with the same law, end when successors were chosen who could replace them. We said in *Lane* v. *Johnson* (*supra*) that the Legislature "had power to enact the curative statute and to give retroactive effect, in *some matters*, to a statute previously declared ' inoperative.' " (Italics are new.) No statute can retroactively impound the water which has flowed over a dam, nor, in real sense, give retroactive existence to a newly created municipal corporation or government, and the Legislature in enacting the curative statute was not attempting the impossible, or creating legal fictions. It was attempting to solve in a manner it deemed practical a practical problem and to establish a city government for Peekskill as soon as possible under a charter previously formulated but which never went into effect, and to place in office both in the city of Peekskill and in the reconstituted town of Cortlandt the city and town officers previously chosen by the voters in the

territory of the city and the reconstituted town as provided in that charter. To accomplish that the Legislature sought to give retroactive effect to elections for such officers which had been previously held, though under a statute which was at that time without force; and this court decided that the Legislature had that power. We did not say, and it is quite impossible to find in the statute any ground for holding, that the Legislature intended to create retroactively a fictional existence for city and town government which had neither juridical nor actual existence before the curative statute went into effect. Indeed, the Legislature, intent on finding a practical solution for a governmental problem, decreed that " all official acts and proceedings heretofore done or taken * * * in connection with the government of the territory within the proposed city of Peekskill * * * are hereby legalized, ratified and confirmed," and thus, so far as it could, gave legal sanction to official acts, without distinction between the acts of *de jure* officers and the acts of *de facto* officers.

We did point out in *Lane* v. *Johnson* (*supra*) that even though at the village election of April, 1938, the voters failed to indicate approval of " An Act to provide a charter for the city of Peekskill " in the manner required by the statute before the statute should become effective, yet the Legislature had power to decree thereafter that without requiring a new election " it *will* incorporate the city of Peekskill as provided in the original statute of incorporation " (p. 255), and we did hold that the Legislature in chapter 409 of the Laws of 1940 had so decreed. To that statutory decree immediate effect was given as the Legislature commanded. Until the statute became effective the village government and the town government continued to function in all respects as they functioned at the time when the statute of 1938 which never became effective was passed. That is what we said and decided in *Town of Cortlandt* v. *Village of Peekskill* (*supra*). From the time the statute of 1940 became effective a new city government was established and the territory within the boundaries of the city

ceased to be a part of the town of Cortlandt. That is what we said and decided in *Lane* v. *Johnson* (*supra*). In that case we decided, too, that because the voters in the territory of the new city, acting under the mistaken belief that the statute of 1938 was effective, had elected city officers to serve until December 31, 1942, and the voters in the territory of the reconstituted town had elected town officers to serve till that date, the Legislature had power to provide that, from the moment when the city was effectively incorporated, the candidates previously elected as provided in the original statute might serve in the positions to which they were elected. In that matter, and in that matter alone, we decided that the Legislature intended to give retroactive effect to its earlier statute and had effectively done so. Nonetheless the village government of Peekskill and the town government of the town of Cortlandt continued to function lawfully in the same manner as before until chapter 409 of the Laws of 1940 became effective and incorporated the city of Peekskill to function *from that date* as provided in the earlier statute. The Legislature did not by incorporating the city deprive of their legitimate force the official acts previously performed by the village and town officers acting in accordance with the law then in effect. Indeed, to insure that the validity of such acts should not be challenged the Legislature in the same statute gave legal sanction to all such acts.

For these reasons it is plain that the validity of the official acts of the persons performing the duties of town and village offices does not depend upon fine spun distinctions. To all such acts the sanction of legality is attached; but in this case even though the appointment of the Board of Assessors by the Town Board, which continued to perform official duties after the term for which its members were elected had expired, must be treated as a valid official act, the question still remains whether town officers so appointed remain in office after the Legislature has changed the boundaries of the town and has decreed that the affairs of the town should thereafter be administered

by the Town Board elected for that purpose at the general election held in the previous November, as if the boundaries of the town had been reconstituted before January 1, 1940. The answer to that question, like the answer to the question of the validity of the official acts of interim officials, depends not upon fine spun distinctions, but upon the intent of the Legislature and in the statute the Legislature by clear implication, if not in express terms, has declared its will that *from the date when chapter 409 of the Laws of 1940 went into effect* the government of the town of Cortlandt and of the city of Peekskill should be administered, in accordance with the statute then given force, by officers elected the previous November and by officers appointed by officers so elected, all of whom should reside in the territory where they hold office. There is no basis for any construction of the statute which would permit officers of the town appointed in the interim to continue to hold office after the city was incorporated and the town boundaries reconstituted though in some cases such appointed officers might not even be residents of the territory of the reconstituted town.

For that reason the order should be affirmed, without costs.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Order affirmed.