CITY OF LITTLE ROCK *v.* WILLIAMS.

4-7250　　　　　　　　　　　177 S. W. 2d 924

Opinion delivered February 21, 1944.

*Cooper Jacoway,* for appellant.

*Rose, Loughborough, Dobyns & House,* for appellee.

SMITH, J.　This appeal involves the use that may be made under a zoning ordinance of certain real property located at the northeast corner of Summit street and Wright avenue, in the city of Little Rock. The land in question consists of two adjoining business addresses known respectively as 1920 and 1922 Wright avenue. Although both are in the same building, each has a separate history.

Appellees, who are husband and wife, had been engaged in the business of baking pies under the name of Bama Pie Company. A fire destroyed their plant and they acquired the property here in question on Wright avenue, as a location in which to continue their business. They proceeded to make certain alterations in the building, presently to be more fully recited, when they

were ordered to desist, and were threatened with arrest by the city engineer, who is charged with the duty of enforcing the zoning ordinance. They obtained a temporary restraining order against the officer, which, on final hearing, was made permanent, and from that decree is this appeal.

The conflicts in the testimony are slight and unimportant, and the testimony may be briefly summarized as follows: The building is 35 years old, or somewhat older, and was erected as a bakery, and the majority of the residences in that neighborhood were later built. The building has always been used for business purposes, when not vacant, and the history of the 1922 Wright avenue location, from a date prior to the passage of this zoning ordinance, is as follows: From September 26, 1925, to November 26, 1929, C. A. Creech operated a bakery in the property. From the date last mentioned to January 2, 1936, one J. T. Tackett used the building for the same purpose. Creech did both a wholesale and a retail business and operated a night crew, which appellees do not propose to do. Prior to Creech's occupancy one H. C. Hoffman operated a wholesale candy and ice cream business on these premises, and his trucks went all over the state. Appellees use only three light delivery trucks, and these leave the premises around 6:30 a. m.

1920 Wright avenue has a somewhat similar history, and was occupied by retail grocery stores, the last tenant so using that property being Safeway Stores, Inc., whose occupancy ended November 28, 1935, and it appears to have been vacant until 1938 when one Dr. Brinkley became the purchaser of the property, which included both street numbers.

After Dr. Brinkley's purchase, he put down a new floor, put on a new roof and built new north and south walls, and turned the property into a private dispensary and office used in connection with a hospital owned by him two or three blocks distant.

On February 13, 1937, the city passed a zoning ordinance, which it is alleged appellees are violating. This ordinance divided the city into eleven zones numbered

from A to K, both inclusive, zone A being the most restricted and zone K the least.

It appears to be conceded that if appellees were erecting a new building to be used as a bakery, that action would be violative of the zoning ordinance, as there is a restriction against such uses in the zone where the property here in question is located. Section 10 of this ordinance contains a section entitled, "Non-Conforming Uses," which reads as follows:

"The lawful use of land existing at the time of the passage of this ordinance, although such use does not conform to the provisions hereof, may be continued, but if such non-conforming use is discontinued, any future use of said land shall be in conformity with the provisions of this ordinance.

"The lawful use of a building existing at the time of the passage of this ordinance may be continued, although such use does not conform with the provisions hereof, and such use may be extended throughout the building provided no structural alterations, except those required by law or ordinance, are made therein. If no structural alterations are made, a non-conforming use of a building may be changed to another non-conforming use of the same or more restricted classification. If such non-conforming building is removed, every future use of such land shall be in conformity with the provisions of this ordinance."

It will be observed that this section makes a distinction between lawful use of lands and the lawful use of a building on the land. As to land, it is provided that if there is a discontinuance of a non-conforming use, the future use of the land shall be in conformity with the provisions of the ordinance. But as to buildings, it is provided that a use lawful before the passage of the zoning ordinance may be continued although such use does not conform to the provisions of the ordinance, provided no structural alterations are made of the building, and if no structural alterations are made, a non-conforming use of the building may be changed to another non-conforming use of the same, or a more restricted classification.

If, however, such non-conforming building is removed, any future use shall be in conformity with the provisions of this ordinance.

No contention is made that the building was removed. It is the same building which was in use before the passage of the ordinance. Certain changes were made which were in the nature of repairs and not structural in character, the last being made for the purpose of adjusting the building for use as a drug store by Dr. Brinkley, and this being true, the building built for a bakery and long used for such may be continued in use as such under the provisions of the second paragraph of § 10 of the ordinance above quoted.

The building was occupied only one month during 1936, but it was never at any time removed or abandoned, and during eight years of the fourteen years of actual occupancy the building was used for both wholesale and retail purposes. Appellees purchased the property because they found that the changes made by Dr. Brinkley had not destroyed the adaptability of the building as a bakery and only a few interior changes were required or made to restore it to that use. These consisted of the removal of a beaver board partition at 1922 Wright avenue and cutting a few feet off of the top of another beaver board partition and moving it forward a few feet. It was desirable to put a fan or blower in the ventilator, but an opening was in existence for that purpose.

The validity of the ordinance is not questioned. On the contrary, we have upheld it in several cases. See *McKinney* v. *City of Little Rock*, 201 Ark. 618, 146 S. W. 2d 167, and cases there cited. But the rule of construction is that such ordinances are to be strictly construed in favor of the property owner. This is true because they are in derogation of the common law and operate to deprive the owner of the property of a use thereof which would otherwise be lawful. A leading case, citing many others to the same effect, is that of *440 E. 102nd St.* v. *Murdock*, 34 N. E. 2d 329, 285 N. Y. 208, an opinion by the Court of Appeals of New York.

It was held in the case of *Chayt* v. *Board of Zoning Appeals,* 177 Md. 426, 9 Atl. 2d 747, that the question of an existing use is not to be determined as of the date of the passage of the ordinance, and the case of *DeFelice* v. *Zoning Board of Appeals,* 130 Conn. 156, 32 Atl. 2d 635, is to the same effect.

The building here in question was not in use as a bakery when the ordinance was passed, but it had been used for that purpose prior to its passage, and from time to time had been devoted to both the wholesale and retail business. Appellees proposed to use the building for both wholesale and retail baking purposes, principally wholesale, and in our opinion the ordinance in question does not, under the facts and circumstances of this case, prohibit that use. Dr. Brinkley's use of the building was itself a non-conforming use, under this ordinance, and so also were the uses made of the building by other occupants and were, we think, permissible under the ordinance, as the building has not been removed and no structural changes have been made in it.

The decree of the court below was in conformity with these views, and it is, therefore, affirmed.