MOFFATT *v*. CITY OF FORREST CITY.

5-2464 350 S. W. 2d 327

Opinion delivered October 23, 1961.

*Fletcher Long*, for appellant.

*Jack P. West* and *Knox Kinney*, for appellee.

ED. F. MCFADDIN, Associate Justice. This litigation involves the application of the Zoning Ordinance of Forest City, Arkansas. Appellants, Mr. and Mrs. Louie Moffatt, purchased a home in the residential district of Forrest City in 1951. In 1954 they made additions to the home and began operating a meat market and meat processing plant in said additions; and, as business improved, they made other additions and enlargements to the meat market portion of the premises. In 1959, Forrest City

adopted a zoning ordinance which classified the area in which the Moffatt premises are located as entirely residential. Moffatt's market was a non-conforming use. The Zoning Ordinance provided: "If a building occupied by a non-conforming use is damaged to the extent of 60 per cent or more of its reproduction value exclusive of foundations, such building may not be restored for any non-conforming use."

On July 20, 1960, there was a fire in which the Moffatt residence quarters were almost entirely destroyed, and the market portion was considerably damaged. When the Moffatts undertook to repair the market in order to resume business, the municipality filed this suit in Chancery Court to enjoin them from any reconstruction. The City alleged that the building was more than 60 per cent destroyed, exclusive of foundations, and that because of the Zoning Ordinance the owners could not restore the property for use as a meat market, such being a non-conforming use. The Moffatts resisted the City's claim. There were several hearings in the Chancery Court, and the Chancellor personally viewed the premises. The Chancery decree sustained the City's claim and enjoined the reconstruction of the building, or any building on the premises, for use as a meat market.

The Moffatts have appealed, urging two points:

I. The Appellants Were Entitled to the Application of the Rule of Strict Construction in Their Favor of the Zoning Ordinance.

II. The Appellee Did Not Sustain Its Burden of Proof by a Preponderance of the Evidence.

We agree with the appellants that a zoning ordinance is to be strictly construed in favor of the property holders, since the ordinance is in derogation of the common law and operates to deprive the owner of the property of a use which would otherwise be lawful. *City of Little Rock* v. *Williams*, 206 Ark. 861, 177 S. W. 2d 924, and cases and authorities there cited; see, also, *City of West Helena* v. *Bockman*, 221 Ark. 677, 256 S. W. 2d 40.

But even giving the Zoning Ordinance of Forrest City[1] a strict construction in favor of the property holders, we must decide the fact question: whether the building on the premises was damaged ''to the extent of 60 per cent or more of its reproduction value exclusive of foundations.''

The residence and the meat market were housed in one structure. This is shown by the plats and pictures in the transcript. Regardless of the fact that there were additions to the market side of the house, there was only one overall building; and appellants could not have successfully claimed that the market was one building and the residence was another. Such a theory was originally urged, but with becoming candor appellants' learned counsel conceded: ''. . . the cause was ultimately submitted on the theory that the market and the residence constituted one structure and that the issue before the Court was 60% destruction of it exclusive of foundations.''

There was evidence that the total value of the building before the fire was approximately $15,000.00; and that to restore the building after the fire would cost approximately $12,000.00. Five witnesses—some of them building contractors—testified that the damage exceeded 60 per cent. Mr. Moffatt did not dispute the fact that the residence portion of the structure was a total loss; and there was other evidence that the residence portion was 10/15ths of the total value. While there is evidence to the contrary, we cannot say that the preponderance of the evidence is contrary to the Chancellor's conclusions as to the percentage of damage.

Affirmed.

JOHNSON, J., not participating.

---

[1] Allowing the replacement of a structure for a non-conforming use necessarily depends on the wording of the particular ordinance involved. For general statements on this matter, see 58 Am. Jur. 1029, "Zoning" § 162; 101 C.J.S. 960, "Zoning" § 197; and Yokley on "Zoning Law and Practice", Second Edition, § 157.