Thomas P. Farley, J.
In this action for personal injuries arising out of an aircraft accident, defendant Poe, appearing specially, moves to set aside service of process on the grounds that the court lacks jurisdiction over his person. Service upon the movant was made pursuant to section 250 of the General Business Law, which provides inter alia that “ use ” or “ operation ” of an aircraft in the State of New York by a nonresident *797 renders the user or operator subject to service of process by serving the summons and complaint upon the Secretary of State and forwarding another copy by registered mail, to the nonresident defendant.
At the time of the accident defendant Poe was riding in the cockpit of the plane scheduled to fly from New York to Mexico City pursuant to an assignment of his employer, defendant Eastern Air Lines, on temporary duty with defendant Aeronaves de Mexico, S. A. The members of the crew consisted of a pilot, copilot, and flight engineer, all employed by Aeronaves de Mexico. The pilot had control of the operation of the plane. Defendant Poe is not listed in the manifest as a crew member. His purpose on being aboard “ was to advise and assist” the crew members “ on any questions or problems that they might have in connection with the said flight or the aircraft ’ ’. Defendant Poe is a rated DC-8 pilot and a qualified instructor at the school of the defendant Eastern Air Lines at Miami, Florida.
At the time of the takeoff, Captain Gonzales, the pilot, was flying the aircraft and the first and second Officers were performing their takeoff duties. Defendant Poe was not operating the craft or any of its mechanisms, but sat behind the captain observing the instrument panel. During takeoff, it became apparent that the acceleration was insufficient to permit the craft to become airborne and in order to meet this emergency it became necessary to stop the forward movement of the plane. Captain Gonzales activated the reverse thrust mechanism and, it appears, applied the brakes. Defendant Poe states that he ‘ ‘ retarded the throttles and extended the ground spoilers ’ ’. Despite these measures a tragedy occurred in which the crew members were killed, the plaintiffs and defendant Poe, severely injured.
It is the movant’s contention that on the facts as stated above he was not “ operating ” the aircraft within the contemplation of section 250 of the General Business Law pursuant to which he was served and consequently not subject to the jurisdiction of this court. Section 250 provides in part as follows: “1. The use or operation by a nonresident of an aircraft within or above this state * * * shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be- his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while using or operating an aircraft * * * and in which death is occasioned or injuries to person or property are sustained, in this state
*798 The statute then provides the various formalities to be followed in order to obtain valid service. There is no dispute these requirements were met.
Section 250 of the General Business Luav was modeled after section 52 (now § 253) of the Vehicle and Traffic Law which provides for the obtaining of in personam jurisdiction over nonresident operators of motor vehicles in this State by service on the Secretary of State. The word “ operate ” is similarly set forth in both statutes. In construing this word, the court in O’Tier v. Sell (252 N. Y. 400, 403) held: “ We have said that the word ‘ operate ’ is used throughout the statute [Highway Law] as signifying a personal act in working the mechanism of a car ”. In that case the court was construing section 285-a of the Highway Law, which later became section 52 of the Vehicle and Traffic Law. The same definition was also stated in Arcara v. Moresse (285 N. Y. 211) and in Wallace v. Smith (238 App. Div. 599) “ operate ” was defined as “ a personal act ’ ’.
The activities performed by the movant are thus embraced in the above definitions since he was performing a personal act in working the mechanisms of the plane and his purpose there being not only to advise but also to ‘ ‘ assist ’ ’. In O’Connell v. New Jersey Fid. & Plate Class Ins. Co. (235 N. Y. 583) a similar situation was presented. There a public liability policy Avas issued by the defendant which excluded from the risks accidents caused by an automobile while being driven by a minor. The assured car was being driven by his granddaughter, a minor, at the time of the accident. It appears that the assured, noticing a sudden emergency, seized the wheel and caused the car to turn sharply and strike the deceased. There the court affirmed a judgment for the plaintiff on the theory that the operation at the time of the accident was by the assured. Similarly, here Poe was performing a personal act of operating in an emergency and consequently comes within the purview of the statute.
In addition to the above, subdivision 3 of section 240 of the General Business Law defines “operating aircraft” as “performing the services of aircraft pilot”. This provision does not, as the defendant contends, limit the operation to a pilot who is in control of a plane. It includes also one performing his functions such as a copilot or another operating the mechanisms of the plane. When the defendant Poe “ retarded the throttles and extended the ground spoilers to bring the aircraft to a halt ” he was “ operating ” (O’Tier v. Sell, supra; O’Connell v. New Jersey Fid. & Plate Glass Ins. Co., supra) and performing the service of an aircraft pilot. The motion is denied.