■ JESSE R. HAYES et al., Respondents, v. AERONAVES DE MEXICO, S. A., et al., Defendants, and WILLIAM POE, Appellant.— In a negligence action to recover damages for personal injuries sustained in an aircraft accident, defendant Poe appeals from an order of the Supreme Court, Nassau County, dated December 13, 1961, which denied his motion to set aside service of process made upon the Secretary of State as his appointee, pursuant to section 250 of the

General Business Law. Order affirmed, with $10 costs and disbursements, with leave to said defendant to answer within 20 days after the entry of the order hereon. The said defendant, a pilot in the employ of the defendant Eastern Air Lines, Inc., was assigned to temporary duty with defendant Aeronaves de Mexico, S. A. He was aboard its aircraft to "advise and assist the members of the Aeronaves crew on any questions or problems they might have in connection with the said flight or the aircraft", and was seated in the jump-seat behind Captain Gonzales, the pilot, just prior to the accident which occurred on "take-off." Said defendant states that he himself "retarded the throttles and extended the ground spoilers", while Captain Gonzales activated the reverse thrust mechanism, as part of the emergency actions taken to bring the plane to a halt as soon as possible. He denies having given any orders to the crew or having had the authority to give such orders. In our opinion, the defendant Poe was "operating" the aircraft and "performing the services of aircraft pilot" within the meaning of subdivision 3 of section 240, and section 250 of the General Business Law. Hence, he was amenable to service of process as a nonresident in the manner therein provided. The fair intendment of those provisions was to embrace all persons performing such services in the aircraft. We do not reach the question whether the word "operate" as used in section 250 is to be defined as "a personal act in working the mechanism" (cf. Vehicle and Traffic Law, § 253; *O'Tier* v. *Sell*, 252 N. Y. 400). We have considered the other grounds raised by counsel and are of the further opinion that they furnish no grounds for reversal. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur. [31 Misc 2d 796.]