WORTHINGTON ET AL., APPELLANTS, *v.* EVERSON ET AL., APPELLEES.

[Cite as Worthington v. Everson, 10 Ohio App. 2d 125.]

(No. 363—Decided May 10, 1967.)

*Messrs. Foreman & McMannis,* for appellants.
*Mr. Louis R. Wilson,* for appellees.

HUNSICKER, J. This is an appeal on questions of law and fact lodged in this court from a judgment of the Court of Common Pleas of Medina County, wherein that court refused to enjoin the operation of an automobile junk yard business.

In November, 1950, Montville Township, Medina County, adopted a zoning resolution prohibiting junk yard businesses in the area in question, and further provided that "a building or structure devoted to a nonconforming use at the time this resolution takes effect may not be altered or enlarged so as to extend said nonconforming use."

Victor Everson began his business on a 4.41 acre plot of leased ground prior to the effective date of the zoning resolution. Later, after the passage of the resolution, he completed the purchase of this land which, prior to the resolution, he had agreed to buy. When the resolution took effect, Victor Everson had 33 junk automobiles stored on the 4.41 acre parcel of land. At the time of the hearing in the trial court, there were about 400 junk vehicles on this land.

It is claimed, by the plaintiffs, appellants herein, that this increase in the number of junk automobiles is a violation of the zoning resolution. Under their theory of this action, the

plaintiffs insist that Everson can only use so much of his land for the junk automobiles as was used when the resolution went into effect. That is to say that Everson could store 33 junk automobiles on his land, and no more.

That part of Section VII of the resolution which is quoted above concerns itself with buildings, not land as such. If it was contemplated to prevent land use for the purpose now contended for by the plaintiffs, the resolution should have so specified. Without a restriction as to land use only, there can be no effective complaint made when an otherwise lawful business is increased. Here, there is no enlargement of nonconforming buildings used in conjunction with the junk business.

Section 519.02, Revised Code, provides that a township may limit the uses of land for trade, industry, residence, recreation, or other purposes. This was not done in this zoning resolution. The entire tenor of this zoning resolution concerns itself with buildings as nonconforming uses, and not land used separate and apart from building use. Inferentially, the use of land is contained in the zoning resolution of Montville Township, for land, and the buildings thereon, cannot be separated; but land use apart from the building use is not a part of the zoning resolution.

In the present instance, the land use is not being changed in nature. There is an increase in the amount of business, but such increase does not constitute a change in use which existed at the time of the adoption of the zoning resolution. It is generally held that an increase in business done on a parcel of land comprising a nonconforming use is not an extension of use. See: 2 Metzenbaum Law of Zoning, 2d Ed., 1227 *et seq.* and authorities there cited.

We do not have the situation herein that arose in the case of *Smith* v. *Juillerat*, 161 Ohio St. 424; or in the case of *Davis* v. *Miller,* 163 Ohio St. 91. This parcel of land was in one location and used for the storage of junked automobiles. The use made of this 4.41 acres of land at the time of the adoption of the zoning resolution is the standard we must use for determining the use that is now made of the land.

From the way in which the zoning resolution reads, and from the fact that the 4.41 acres of land were in one unit—not separated, but comprising a single parcel of land—we must con-

clude that the mere increase in business done does not constitute an unlawful extension of this nonconforming use.

A judgment entry as was entered in the Court of Common Pleas may be prepared by counsel, and entered in this matter in this court.

*Judgment for defendants.*

BRENNEMAN, P. J., and DOYLE, J., concur.