CICERELLA, INC., APPELLANT, v. JERUSALEM TOWNSHIP BOARD OF ZONING APPEALS, APPELLEE.

**32**

(No. L-77-116—Decided January 6, 1978.)

Mr. *Lorin J. Zaner,* for appellant.
Mr. *George Hewes,* for appellee.

BROWN, J. This appeal by appellant, Tony Cicerella, is from a final judgment of the Common Pleas Court of Lucas County, affirming under R. C. Chapter 2506 the order and final decision of the Jerusalem Township Board of Zoning Appeals, which denied appellant approval of the reconstruction of a building to provide facilities for warehousing of fireworks at 10224 Jerusalem Road, Jerusalem Township, Lucas County. On October 17, 1976, the building housing the fireworks had been substantially destroyed by fire.

Prior to enactment of a comprehensive zoning resolution by the Board of Trustees of Jerusalem Township in November 1964, appellant occupied the building at the foregoing location for warehousing fireworks. The present zoning classification for the real estate in the use district where this building is located is A-1 (Agricultural District). The evidence adduced reveals that the use of the real estate at the location described was a nonconforming use under the provisions of Section 7.5-1 of the zoning resolution.

Appellant contends that less than 75 percent of the

building was damaged by the fire on October 17, 1976. The Board of Zoning Appeals determined that more than 75 percent of the building was destroyed by fire.

The first two assignments of error of appellant essentially advanced the proposition that the decision of the Jerusalem Township Board of Zoning Appeals and the affirmance of the Board's decision by the Court of Common Pleas are contrary to both the evidence and the law. Appellant also contends that the meeting of the Jerusalem Township Board of Zoning Appeals on February 21, 1977, was not a public hearing in the manner required by Section 8.3-3 of the zoning resolutions.

The provisions of the zoning resolution applicable to the denial of permission to appellant for reconstruction of his burned building are as follows:

"7.5-1 *Continuance of Use*: Any lawfully established use of a building or land, established prior to the effective date of this resolution, or of amendments hereto, that does not conform to the use regulations for the district in which it is located shall be deemed to be a legal non-conforming use and may be continued, except as otherwise provided herein.

"7.5-5 *Restoratoin of Damaged Buildings*: A non-conforming building or structure, which is damaged by explosion, fire, Act of God, or the public enemy, to the extent of not more than 75 per cent of its value at the time of damage, may be restored and the same use or occupancy continued, provided that such restoration is started within a period of one year. In the event that such damage exceeds 75 per cent of the value at the time of damage, no repairs or construction shall be made unless every portion of the building is made to conform to all regulations for new buildings in the district in which it is located."

Appellant contends that there is nothing nonconforming about the building which was substantially destroyed by fire or about the building he seeks to reconstruct on the same premises to replace the damaged building. The record supports this contention of appellant. There is nothing nonconforming about appellant's building which was

burned or about the building he proposes to reconstruct. The Township Zoning Administrator so testified. The former building conformed and the proposed reconstructed building conforms to all building requirements in A-1 Agricultural Districts.

Appellant contends that Section 7.5-1 above refers only to a nonconforming "use of a building or land," and not to the building itself, and that Section 7.5-5 above does not apply to the use of the building, but only to "a non-conforming building or structure which is damaged by fire" and by certain other causes. With this contention of appellant we also agree. Therefore, we reverse the final judgment of the Common Pleas Court and Board of Zoning Appeals. The reasons follow.

When the Board of Trustees of Jerusalem Township enacted the zoning resolution in 1964 and desired to regulate the "use of a building" or to restrict the "non-conforming use" of a building or structure the Board explicitly so stated. For example, in Section 7.5-1, Continuance of Use, reference is to "lawfully established use of a building on land." Section 7.5-2, Repairs and Alterations, controls "a building or other structure continuing a non-conforming use." Sec. 7.5-6, Use of Land, refers to "non-conforming use of land." Sec. 7.5-7, Change of Use, controls changing a "non-conforming use of a building" to another nonconforming use. Section 7.5-8, Termination, refers to discontinuing a "non-conforming use of any building, structure or land." Thus, when the Board in enacting the zoning resolution intended to control or regulate a use of a building or land or its nonconforming use, the Board expressly stated that as revealed in the foregoing provisions.

Furthermore, Sections 7.5-2, 7.5-7 and 7.5-8 specifically refer to nonconforming uses of buildings and do not discuss nonconforming buildings. To construe Sec. 7.5-5 of the zoning resolution in the way the Board of Zoning Appeals construed it requires rewriting the first phrase thereof to read, "a building or structure containing a non-conforming use," as a substitute for the first phrase thereof which presently reads, "a non-conforming building or

structure." Rewriting or amending existing legislation is the equivalent of enactment of legislation. Neither a zoning board of appeals nor a court, including this court, can indulge in such a legislative function. Judicial power permits only an interpretation and application of legislative enactments, not the enactment itself of legislation.

The decision we reach in construing Section 7.5-5 of the zoning resolution is consistent with the following elementary principles governing legislative construction and zoning.

Zoning restrictions, being in derogation of the common law, operate to deprive an owner of property of a use thereof which would otherwise be lawful, and therefore such restrictions must be strictly construed in favor of the property owner. In determining the permitted use of property under a zoning classification in which terms and language therein are not otherwise defined, the common and ordinary meaning of these terms and language must be considered, liberally construing the terms and language in favor of the permitted use so as not to extend the restrictions to any limitation of use not therein clearly prescribed. *State, ex rel. Spiccia,* v. *Abate, Bldg. Commr.,* (1965), 2 Ohio St. 2d 129; *State, ex rel. Moore Oil Co.,* v. *Dauben* (1919), 99 Ohio St. 406; *Worthington* v. *Everson* (1967), 10 Ohio App. 2d 125; *Ederer* v. *Bd. of Zoning Appeals* (1969), 18 Ohio Misc. 143; *Moffatt* v. *Forrest City* (1961), 234 Ark. 12, 350 S. W. 2d 327; *cf.* 3 Yokley, Zoning Law and Practice 461, Section 29-16 (1967).

Any attempt by zoning legislation to deprive the owner of a pre-existing lawful use is generally regarded as an unconstitutional taking of property without compensation and without due process of law, at least where the use existing before enactment of the zoning legislation is neither a nuisance nor harmful to public health, safety, morals or welfare, and such legislation violates the Fourteenth Amendment of the United States Constitution, and Section 16, Article I, of the Ohio Constitution. *City of Akron* v. *Chapman* (1953), 160 Ohio St. 382: 101 Corpus Juris Secundum 794, Zoning, Section 63.

A strict construction is generally accorded statutes and other legislative enactments which impose restrictions upon the use of private property. *Gulf Oil Corp.* v. *Kosydar* (1975), 44 Ohio St. 2d 208; *State, ex rel. Ice & Fuel Co.,* v. *Kreuzweiser* (1929), 120 Ohio St. 352; *State, ex rel. Moore Oil Co.,* v. *Dauben, supra.*

Use by the Jerusalem Township Board of Trustees of certain language in five zoning provisions, such as "use of a building" and "non-conforming use" (Sections 7.5-1, 7.5-2, 7.5-6, 7.5-7 and 7.5-8), and wholly different language in another zoning provision, such as "non-conforming building" (Section 7.5-5), indicates that different results were intended in such zoning legislation. Where different words or different phrases are used in separate provisions of a zoning resolution, it is the duty of the court to give such different words and phrases their separate meanings if consistent with a fair interpretation of the zoning resolution. *Robert V. Clapp Co.* v. *Fox* (1931), 124 Ohio St. 331; 50 Ohio Jurisprudence 2d 175, Statutes, Section 197.

A general principle of legislative interpretation is that the mention of one thing, such as "non-conforming building" in Section 7.5-5, implies the exclusion of another thing, such as "use of a building" and "non-conforming use"; *expressio unius est exclusio alterius. Akron Transportation Co.* v. *Glander* (1951), 155 Ohio St. 471; 50 Ohio Jurisprudence 2d 165, Statutes, Section 188.

Section 7.5-5 of the zoning resolution, Restoration of Damaged Buildings, does not apply to appellant's fire damaged building, and appellant is not affected by the requirements therein that restoration of the building is permitted only where the damage by fire is to the extent of not more than 75 percent of its value at the time of damage. Appellant, therefore, has a right to proceed to restore or rebuild his damaged building as a "lawfully established use of a building * * * established prior to the effective date of this resolution * * *," as set forth in Section 7.5-1, Zoning Resolution.

Furthermore, even if Section 7.5-5 is applicable and controls the restoration of appellant's fire damaged build-

ing, there was no evidence in the record upon which the Board of Zoning Appeals or any reviewing court could make a determination that the fire damage to appellant's building "exceeds 75% of the value at the time of damage" within the meaning of such language in section 7.5-5. The Board's decision was based entirely on physical damage to the building, and not "percent of the value at the time of damage." Thus, the Board did not follow the requirements of Section 7.5-5 in determining the extent of damage to appellant's building. *Jetter* v. *Hofheins* (1947) 70 N. Y. S. 2d 808, 812; *Navin* v. *Early* (1945), 56 N. Y. S. 2d 346.

Therefore, even if Section 7.5-5 is applicable to appellant's building, the decision of the Board of Zoning Appeals and its affirmance by the Common Pleas Court are not supported by the preponderance of substantial, reliable and probative evidence on the whole record as required by R. C. 2506.04, and for this reason, also, such decision and its affirmance must be reversed. *Cincinnati Bell* v. *Glendale* (1975), 42 Ohio St. 2d 368; *Capello* v. *Mayfield Heights* (1971), 27 Ohio St. 2d 1; *Doelker* v. *Accountancy Bd.* (1967), 12 Ohio St. 2d 76.

Appellant's third assignment of error contends that the February 21, 1977, meeting of the Jerusalem Township Board of Zoning Appeals was not a lawful public hearing pursuant to Section 8.3-3, Zoning Resolutions, and therefore denied appellant his constitutional right to due process of law.

Section 8.3-3, Zoning Resolutions, provides that:

"The Board of Zoning Appeals shall fix a reasonable time for the public hearing of the appeal, give at least ten days notice in writing to the parties in interest * * *. Upon the hearing, any person may appear in person or by attorney. * * *"

On February 21, 1977, the Board viewed the remains of the burned building with appellant's consent, which was given on February 19, 1977. However, the Board did not comply with Section 8.3-3 since it never informed appellant that the purpose of the visit was to hold a meeting to

determine the percentage of loss of the original building; consequently, appellant was unable to present evidence to the Board rebutting evidence or contentions "that such damage exceeds 75% of the value at the time of damage * * * "

This was a denial to appellant of due process of law which requires notice, a fair opportunity to be heard, and the right to produce testimony, including the right to cross examine witnesses. Due process proscribes an agency, board or commission decision based upon evidentiary facts secretly collected and not disclosed to a litigant or person adversely affected by the decision. *Ohio Bell Telephone Co.* v. *Public Utilities Comm.* (1937), 301 U. S. 292; *General Motors Corp.* v. *Baker* (1952), 92 Ohio App. 301; *State, ex rel. Wright,* v. *Morrison* (1947), 80 Ohio App. 135. Therefore, appellant's third assignment of error is also well taken.

The judgment of the Jerusalem Township Board of Zoning Appeals and of the Common Pleas Court of Lucas County, is reversed; the Board is ordered to issue to appellant a certificate of occupancy for his damaged building; and this cause is remanded for execution of this judgment.

*Judgment reversed.*

CONNORS, J., concurs.
POTTER, P. J., dissents.

POTTER, P. J., dissenting. The majority opinion finds each issue or assignment of error well taken. I respectfully state that I am in disagreement on each finding.

The law of nonconforming use is one relative to the balancing of the equities of the landowner and of the general public. Since in most cases it would not be equitable to abolish a pre-existing use by the passage of a conflicting general zoning plan, provision is made for the continuance of nonconforming uses.

When the equity of the owner no longer exceeds that of the general public, then the use can be made to conform

to a legal land use plan. I view the case *sub judice* in this posture.

As to the first assignment of error, the majority opinion turns on statutory construction principles, and here is the first area of my disagreement. While it may be true that zoning restrictions should be construed in favor of the property owner, this principle and the cases in support thereof cited by the majority are not relevant to the case of a nonconforming use. No one challenges the validity of the zoning classification or contends that plaintiff's use is an agricultural use. *Cf. State, ex rel. Spiccia,* v. *Abate* (1965), 2 Ohio St. 2d 129, cited by the majority, where the issue turned on a restaurant use as compared to a "drive-in" restaurant use.

Nonconforming uses are not favored in the law. 82 American Jurisprudence 2d 687, Zoning and Planning, Section 179. It is the law's purpose to gradually and lawfully eliminate such uses. In the matter of construction of such provisions directed to this end, laws and zoning resolutions are strictly construed in some states with a view to limiting the continuation of the nonconforming use. In Ohio it has been said that, "* * * such legislation should be given a fair and reasonable construction with due regard for the conflicting interests involved." See *Davis* v. *Miller* (1955), 163 Ohio St. 91, paragraph one of the syllabus. Consistent with the aims of zoning and with the prospect of a proven dangerous use in an agricultural district, I cannot agree that provisions relating to nonconforming uses should be given a *laissez faire* approach. Once the equities are on balance, the nonconforming user is no different than any other person wishing to use a parcel of land contrary to zoning regulations. See Young, *The Regulation and Removal of Non-conforming Uses*, 12 W. Reserve L. Rev. 681, 691 (1961).

Keeping in focus the principle that as to nonconforming uses, it is the objective to lawfully eliminate these uses, I turn to the matter of construction of the township resolution. Judge Franklin, in a detailed journal entry, made thoughtful observations and conclusions which I adopt and

incorporate by reference. He could not separate the building from its use, nor can I, for it is the existence of the building on which the equities turn.

A nonconforming use has been defined as:

"A 'nonconforming use' comprehends the physical characteristics, dismensions, or location of a structure as well as the functional use thereof or of the premises on which it is located, and is used as a generic term that includes nonconforming use of conforming structures and plots, nonconforming use of nonconforming structures and plots, and conforming use of nonconforming structures and plots." See 82 American Jurisprudence 2d 684, Zoning and Planning, Section 178.

Section 7.5-5 provides the scale on which the equities are balanced. If the structure housing the nonconforming use is damaged to the extent set forth in the resolution, the use may not continue. Plaintiff argues, in effect, that the degree of destruction of the building is of no importance, that his use is a land use. This is not the case, for he would use the building and, of course, needs a certificate of occupancy. I find assignment of error No. 1 not well taken.

As to assignments of error 2 and 3, this was an R. C. Chapter 2506 appeal and additional evidence was taken in the Common Pleas Court. I find that there was sufficient evidence before the Board and the trial judge to support their findings as to the degree of the damage. As to assignment of error 3, again this was an R. C. Chapter 2506 appeal with additional evidence submitted. I think this overcomes the issue of due process if there was such a question. From the record, it appears that assignment of error 3 was not argued either in the administrative hearing or in the Common Pleas Court appeal and, therefore, cannot be presented here. At best, the matter should be referred back to the Board as it presents no grounds for giving to the plaintiff the relief which he claims.

I would affirm the judgment of the Common Pleas Court.