## CIRCUIT COURT OF WARREN COUNTY

Poe

    v.

Town of Front Royal

July 2, 1986

Case No. (Law) 7651

### By JUDGE HENRY H. WHITING

In this case the owners of land in a flood plain assert their right to continue to operate a trailer park in the flood plain as an existing non-conforming use of the land despite the fact that seven of the nine trailers were totally destroyed by a recent flood. The Town of Front Royal had restricted this land against commercial uses, required conditional use permits for any trailer parks and for the maintenance of structures in the flood plain, and these ordinances would be applicable unless the Poes have a valid non-conforming use right. The parties have submitted the issues to the Court by agreement, reflected in the Order of March 24, 1986, in this case, and the Court will answer those issues *seriatim* in this letter.

(1) Do former occupants of the trailers which were on the property before the flood and destroyed in the flood have the right to bring new trailers in and occupy them as existing non-conforming uses?

The former occupants of the trailers are not before the Court but to the extent the landowner could vicariously assert their rights they should be adjudicated insofar as the landowner is concerned. Both litigants recognize the non-conformity of the use and the issue is whether a former trailer owner could have brought another trailer

into the park as a continuation of the existing non-conforming use. The Court does not believe that he could do so because such a replacement would be a reconstruction of a non-conforming structure or building under § 175-130(B) of the Front Royal ordinance. The trailer is a building as defined in that ordinance, § 175-2, it having a roof supported by walls and intended for the shelter, housing or enclosure of any person, and dwellings in that ordinance are defined as "a building . . . which is used . . . for residential purposes." There could be little doubt that the replacement of the trailer is a restoration as used in the context of § 175-130(B) since it speaks of the repair and a restoration in the alternative, and I would construe restoration to include a replacement within the context of that language.

(2) Do other persons not former occupants of the trailer park before the flood have the right to bring new trailers in and occupy them as existing non-conforming uses up to the maximum of nine trailers which were concededly occupied upon the property prior to the flood?

If the former occupants could not replace their trailers, obviously other persons could not either.

(3) Do the Poes, as owners of the land and lessors of the nine trailer spaces, have the right to assert the non-conforming uses that the lessees could have asserted for any trailers they may want to put in up to nine and lease to third parties up to nine or for any spaces alone that they may want to lease to trailer owners, with the right of those lessees to install their trailers in reliance on the Poes' non-conforming rights, up to nine spaces?

There is no citation of authority by the landowners in support of this contention. Neither party has cited any authority exactly on this point, but there may well be no such authority. However, the Court believes that any right of non-conforming use is limited to the person (or his successor) exercising that use and it cannot be vicariously asserted by another. The principal reason why governing bodies permit existing non-conforming uses is to protect any constitutional right of property the holder of that use might have. Any extension of that use to others not having a property right in that use could not be justified on that basis, and if the Legislature or the municipality had intended to extend that doctrine

to others I believe it would have said so in express language in either the statute or the applicable ordinance. No such intent is found in either the Virginia statute or in the Town ordinance.

(4) Was:

(a) The use of the property by the Poes in leasing the space to owners of trailers essentially the conduct of a commercial business upon the property and a non-conforming business use because of such use; or

(b) The activity essentially one of non-conforming structures upon the premises occupied by lessees of the premises; or

(c) A combination of both?

The Poes liken their activities to one who leases parking spaces and simply a use of his land. The operation of parking spaces might well be a commercial activity but the demise of smaller portions thereof with the lessees furnishing all utilities seems less like a business and more like a demise of land. The parties have not stipulated sufficient facts for me to make a determination as to this but it does not seem to make much difference in this case since the Poes have no property interests which could be protected in the continued use of the non-conforming trailers occupied by others.

The Poes also vigorously assert their *own* property rights of use of the property independent of their lessees. They do have a separate constitutional right to use their property but that right is also subject to the zoning ordinance. That ordinance permits a continuance of a non-conforming "legal activity" or "manner of use or purpose as herein provided," § 175-124, Town Code. If the building in which the "non-conforming use is located [is destroyed that] shall eliminate the use which the structure or building was used for [a non-conforming use]," § 175-131(C), Town Ordinance. The Poes' *use* of the property is wholly dependent upon the rental of non-conforming trailers and it terminates when the right to maintain trailers is lost by their destruction.

For an ordinance which failed to terminate the non-conforming use upon destruction of the building. *See Cicerella, Inc., v. Jerusalem Township Board of Zoning Appeals*, 392 N.E.2d 574 (Ct. App. Lucas County, Ohio 1978). There a non-conforming use (storage of fireworks)

was permitted to continue in a conforming building which had been partially destroyed by fire. That ordinance had no specific provision for prohibiting the re-establishing of a "building or structure containing a non-conforming use" and therefore the Town could not prohibit the rebuilding of the conforming building and the resumption of its non-conforming use. The Town of Front Royal has specifically covered this situation in Section 175-131(C) of its ordinance.

Section 175-129 of the ordinance, relied upon by the landowners, is inapposite. It covers a "non-conforming use of land" but not a non-conforming use depending upon the continuance of a non-conforming building for its exercise. That is specifically covered by § 175-131(C) and the two sections must be construed to be consistent and not in conflict with each other. The Poes' construction puts them in conflict and makes § 175-131(C) meaningless.

For the foregoing reasons the Court is of the opinion that neither the seven mobile homeowners nor Poe have the right to require the Town to permit those homes to be replaced upon the premises.

The Poes inject an additional argument not covered by the Order to the effect that the ordinance was invalid as a temporary measure. This assertion was not answered by the Town, has been insufficiently briefed and the facts are insufficiently developed for the Court to make any decision. In the absence of some agreement as to he facts or development of those facts in a hearing, the Court does not believe the Poes have sufficiently overcome the presumption of validity of the ordinance.