**MIDWEST FIREWORKS MANUFACTURING COMPANY, INC. et al., Appellants,**

v.

**HENNOSY, Fire Marshal, Appellee.**

[Cite as *Midwest Fireworks Mfg. Co., Inc. v. Hennosy* (1991), 71 Ohio App.3d 490.]

Court of Appeals of Ohio,
Portage County.

No. 90–P–2160.

Decided April 2, 1991.

*Mark H. Ludwig,* for appellants.

*Lee I. Fisher,* Attorney General, and *Carla R. Dowling–Brown,* for appellee.

---

JOSEPH E. MAHONEY, Judge.

Plaintiffs-appellants, Midwest Fireworks Manufacturing Company, Inc. et al., appeal from the judgment of the trial court affirming the administrative denial of their applications for the renewal of fireworks manufacturing and wholesaling licenses.

On October 21, 1987, appellants submitted two applications for the renewal of fireworks licenses to defendant-appellee, Ohio Department of Commerce, Division of State Fire Marshal, William A. Hennosy, State Fire Marshal. One application sought to renew manufacturer's license # 76–67–0001 and the other application sought to renew DIR Certificate No. 52, a wholesaler's license.

On December 31, 1987, without conducting a hearing, appellee denied the applications pursuant to R.C. 3743.03(A); R.C. 3743.16(A); Ohio Fire Code Section FM–2703.2(b)(3), failure to provide the required information; and alleged misrepresentations or false statements.

Appellants requested a hearing on the denial and requested specific information regarding the grounds for denial. Pursuant to R.C. 119.08, appellee scheduled a hearing for January 20, 1988 which was later continued to March 2, 1988.

On January 15, 1988, appellants filed an "Amended and Supplemental Notice of Appeal, Complaint for Mandatory Injunction" in the Portage County Court of Common Pleas and simultaneously filed a "Notice of Appeal, Complaint for Mandatory Injunction" in the Franklin County Court of Common Pleas.

Prior to the March 2, 1988 hearing, appellee issued two amended notices of hearing which contained additional charges in support of the denial. Although the second amended notice was issued on February 25, 1988, six days prior to the hearing, appellants did not request a continuance, and the hearing went forward on March 2, 1988 as scheduled. The hearing was conducted by a hearing examiner who issued his "Report and Recommendation" wherein he recommended that appellee's denial of the applications be affirmed.

On June 16, 1988, appellee affirmed the hearing officer's findings of fact, conclusions of law and recommendation denying the renewal applications.

On June 28, 1988, appellants appealed this administrative denial to the Portage County Court of Common Pleas.

The Franklin County Common Pleas Court transferred the case before it to Portage County on April 19, 1989. On May 31, 1989, the Portage County Court of Common Pleas continued the suspension granted by the Franklin County Court of Common Pleas on March 31, 1988, thereby staying the order denying the licenses until the final adjudication of the matter.

Subsequently, in July 1989, appellants filed a "Motion for Hearing to Supplement the Record," "Motion and Memorandum for Judgment" and their appellate brief. Appellee filed memoranda in opposition to appellants' motions. Appellee also filed a motion for leave to file answer instanter to the Amended Notice of Appeal and Complaint for Mandatory Injunction and its appellate brief.

Without conducting an oral hearing, the trial court filed its "Findings of Fact, Conclusions of Law, and Final Judgment Order" on January 26, 1990, wherein the court denied appellants' motions and "denied" the appeal from appellee's administrative order.

Appellants now bring this timely appeal and present the following assignments of error:

"1. The trial court erred in denying appellants' motion to supplement the record and in failing to conduct any evidentiary hearing prior to determining the cause.

"2. The trial court erred in failing to grant summary judgment directing appellees to issue the licenses.

"3. The trial court erred in failing to grant judgment for appellants for denial of any timely hearing.

"4. The trial court erred in concluding that appellants were not denied due process.

"5. The trial court erred in concluding that the decision to deny the license[s] was in accordance with law and based on sufficient evidence."

At the outset we note that the record which was before the trial court and which is presently before this court does not contain a certified record of the administrative proceedings.

R.C. 119.12 sets forth strict requirements for the transmittal of the administrative record:

"Within thirty days after receipt of a notice of appeal from an order in any case in which a hearing is required by sections 119.01 to 119.13 of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed, upon motion, shall cause the court to enter a finding in favor of the party adversely affected. Additional time, however, may be granted by the court, not to exceed thirty days, when it is shown that the agency has made substantial effort to comply. * * *"

Applying R.C. 119.12, the Ohio Supreme Court has held that:

"Where an appeal from an order of an administrative agency has been duly made to the Common Pleas Court pursuant to Section 119.12, Revised Code, and the agency has not prepared and certified to the court a complete record of the proceedings within twenty days after receipt of the notice of appeal and the court has granted the agency no additional time to do so, the court must, upon motion of the appellant, enter a finding in favor of the appellant and render a judgment for the appellant." *Matash v. State* (1964), 177 Ohio St. 55, 29 O.O.2d 153, 202 N.E.2d 305, at syllabus. See, also, *State ex rel. Crockett v. Robinson* (1981), 67 Ohio St.2d 363, 21 O.O.3d 228, 423 N.E.2d 1099.

However, an agency's nonprejudicial omission of items from a certified record does not constitute a failure of certification and does not require a finding for the appellant. See *Arlow v. Ohio Rehab. Serv. Comm.* (1986), 24 Ohio St.3d 153, 24 OBR 371, 493 N.E.2d 1337; *Lorms v. State* (1976), 48 Ohio St.2d 153, 2 O.O.3d 336, 357 N.E.2d 1067; *Alban v. Ohio Real Estate Comm.* (1981), 2 Ohio App.3d 430, 2 OBR 524, 442 N.E.2d 771.

Although appellee states that a certified record of the proceedings was timely transmitted to the court of common pleas on July 28, 1988, it is not a part of this case. Exhibit A of appellee's brief is the purported cover letter

sent with the documents, enumerated therein, which were alleged to comprise the administrative record. However, these documents were never filed in this case or made a part of the record herein.[1]

R.C. 119.12 strictly requires that:

"Unless otherwise provided by law, in the hearing of the appeal, *the court is confined to the record as certified to it by the agency.* Unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency." (Emphasis added.)

■ The standard of review to be applied by the common pleas court in reviewing an appeal from an administrative order is set forth in R.C. 119.12 as follows:

"The court may affirm the order of the agency complained of in the appeal if it finds, *upon consideration of the entire record* and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *" (Emphasis added.) See, also, *Dept. of Liquor Control v. Santucci* (1969), 17 Ohio St.2d 69, 46 O.O.2d 402, 246 N.E.2d 549; *Doelker v. Accountancy Bd.* (1967), 12 Ohio St.2d 76, 41 O.O.2d 328, 232 N.E.2d 407; *Andrews v. Bd. of Liquor Control* (1955), 164 Ohio St. 275, 58 O.O. 51, 131 N.E.2d 390; *Mofu v. State Medical Bd.* (1984), 21 Ohio App.3d 182, 21 OBR 194, 486 N.E.2d 1169.

Thus, the trial court's review is limited to determining whether, upon consideration of the entire record, the order is supported by reliable, probative and substantial evidence and is in accordance with law.

The trial court could not have properly reviewed the administrative order as required under R.C. 119.12 since there was no administrative record to review. In its judgment, the trial court concluded:

"As the facts upon which the Fire Marshal relied are discussed extensively in Appellee's brief, it is not necessary to repeat them at this point. It is sufficient to say that there was certainly enough reliable and probative

---

1. We contacted the Portage County Clerk of Courts regarding the whereabouts of the administrative record. An employee of the Clerk's office confirmed that such record was never filed in the instant case, 90–P–2160, and she had no way of determining if it was filed in some other case. However, it was clearly never a part of the record before the trial court in case No. 89–CV–0540 from which this appeal is taken.

evidence upon which the decision was based and the appeal should therefore be denied as to this issue also." [2]

It is clear from the foregoing that the trial court did not go beyond appellee's brief. Had the trial court considered the record, as it is required to do, it would have discovered that there was no administrative record to consider.

■ This court's review of the trial court's judgment is limited to determining whether the trial court abused its discretion. *Kinney v. Dept. of Adm. Services* (1984), 14 Ohio App.3d 33, 14 OBR 37, 469 N.E.2d 1007; *McGuinness v. Ohio Real Estate Comm.* (Feb. 15, 1991), Lake App. No. 88–L–13–216, unreported, 1991 WL 18653.

■ Based on the foregoing, we conclude that the trial court abused its discretion in finding that the administrative order was supported by reliable, probative and substantial evidence when it did not have the record of the administrative proceedings before it to consider. Appellee's failure to timely and properly certify the administrative record as required by R.C. 119.12 is certainly prejudicial to appellants and, therefore, judgment should be entered for appellants. *Matash, supra.*

The defect in the record alone requires reversal of the trial court's judgment and requires that judgment be entered for appellants.

We need not reach appellants' assignments of error or discuss them at length. Nevertheless, based on the defect in the record, appellants' second and fifth assignments of error are well taken.

We cannot determine the merit of the first and fourth assignments of error since the record is not before us. The first assignment challenges certain inaccuracies in the missing record, while the fourth assignment questions whether the March 2, 1988 hearing before the hearing officer afforded appellants due process. (Appellants contend they were denied due process because the initial denial of licenses on December 31, 1987 was issued without affording them an opportunity for a hearing. Appellants contend the March 2, 1988 hearing did not cure this due process violation since it affirmed the initial denial which was invalid.)

■ The third assignment of error is not well taken. Appellants argue that they were denied a timely hearing because the hearing was not held within fifteen days of their January 5, 1988 request.

---

**2.** An appeal is not "denied." The administrative order is either affirmed, reversed, modified, or vacated, or a combination thereof. R.C. 119.12.

R.C. 119.07 requires that the date of the hearing be set within fifteen days of the request. The hearing was scheduled for January 20, 1988, within fifteen days of appellants' request. However, the date was properly continued by the appellee until March 2, 1988, pursuant to R.C. 119.09. Therefore, the hearing was timely.

For the foregoing reasons, the judgment of the trial court is reversed and judgment is entered for appellants. Appellee is hereby ordered to issue a manufacturer's license and a wholesaler's license to appellant, Midwest Fireworks Manufacturing Company, Inc., for the years 1988, 1989, 1990 and 1991. Appellant, Larry D. Lomaz, as an individual, has never held and does not now hold any fireworks license; therefore, no license may issue to Larry D. Lomaz, personally.

*Judgment accordingly.*

FORD, P.J., and NADER, J., concur.