The STATE ex rel. ADAMS et al.

v.

WALLACE, Dir., et al.

[Cite as *State ex rel. Adams v. Wallace* (1993), 92 Ohio App.3d 462.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1351.

Decided Feb. 18, 1993.

*Cloppert, Portman, Sauter, Latanick & Foley* and *Walter J. Gerhardstein,* for relators.

*Lee Fisher,* Attorney General, and *Pamela J. Gordon,* Assistant Attorney General, for respondents.

WHITESIDE, Judge.

This original action in mandamus is before the court upon a Civ.R. 12(B)(6) motion to dismiss and a motion for a protective order filed by respondents Terry

A. Wallace, Director of Ohio Department of Human Services, and Stephen A. Perry, Director of Ohio Department of Administrative Services.

Relators, Loretta Adams, Helen M. Boyle, Marlon P. Kiser, Barbara Kleefeld and Frances Turner, alleged in their complaint that each held a position in the classified service of district director in the Department of Human Services but that respondents, in September 19, 1992, purported to change their positions to the unclassified service retroactive to the time of their respective original appointment. Attached to and incorporated in the complaint are copies of various documents supporting the allegations of the complaint. Relators request that this court issue a writ of mandamus ordering respondents to reinstate relators in their respective positions in the classified civil service.

■ Respondents have filed a motion to dismiss, contending that the complaint fails to state a claim upon which relief can be granted. Respondents contend that the applicable statutes do not require them to maintain the affected positions as classified civil service positions. However, the complaint alleges that R.C. 5101.07 requires respondents to maintain relators' district director positions in the classified service.

R.C. 5101.07 does not support respondents' contentions in that it specifically provides that:

"Each division authorized by section 5101.06 of the Revised Code shall consist of a chief and the officers and employees * * * necessary for the performance of the functions assigned to it. * * * The director shall appoint the chief of each division, who shall be in the classified service, and all other employees of the department. * * * "

The complaint alleges that the positions held by the relators are positions of chief of division and have been so considered for many years. The Civ.R. 12(B)(6) motion to dismiss admits all the allegations of the complaint, including that the positions involved are chiefs of the divisions, and including the various documents attached to the complaint.

■ A Civ.R. 12(B)(6) motion to dismiss can be granted only if the complaint fails on its face to state a claim upon which relief can be granted. The complaint in this action not only states a claim for relief but demonstrates a clear legal right to the requested relief.

R.C. 5101.06 provides succinctly that: "The director of human services may establish divisions and prescribe their powers and duties." This provision confers power similar to that conferred by R.C. 121.07. R.C. 121.01(B) defines a "division" as "a part of a department established * * * for the convenient performance of one or more of the functions committed to a department." In

other words, a division is a part of the department assigned to perform one or more functions of a department and is headed by a person (or "chief") answerable directly to the director of the department with no intervening supervisor. The attachments to the complaint indicate that the action of respondents in changing the position of each relator from the classified to the unclassified service was predicated upon each relator holding a fiduciary relationship to the director with authority to act on behalf of the director and requiring a high degree of personal loyalty, trust, confidence, reliance and fidelity. Such determination would be descriptive of a chief of a division within the contemplation of R.C. 5101.07, since necessarily such chief would hold such a relationship to the director and would be authorized to act on behalf of the director within the division.

Respondents' motion to dismiss is predicated in part upon a contention that R.C. 5101.07 does not mandate the placement of district director positions in the classified service and that relators do not claim to hold division chief positions. This is inaccurate, since the first paragraph of the complaint alleges that the district director positions are division chief positions in the classified service. Similar allegations are set forth in paragraphs twelve, thirteen, fourteen, fifteen and seventeen of the complaint. In other words, respondents have admitted that the positions in question are division chief positions falling within the ambit of R.C. 5101.07 for purposes of the motion to dismiss.

Respondents then contend that, even if division chiefs must be in the classified service, other employees of the various divisions need not be in the classified service by virtue of the fact that R.C. 5101.07 specifically requires only division chiefs to be in the classified service. Assuming there might be some credence to this argument were R.C. 5101.07 the only statute involved, R.C. Chapter 124 in general governs which positions shall be in the classified and unclassified service of the state. The statutes must be read *in pari materia* for this purpose, and R.C. 5101.07 overrides R.C. Chapter 124 only with respect to chiefs of divisions. R.C. 124.11(B) provides that: "The classified service shall comprise all persons in the employ of the state * * * not specifically included in the unclassified service. * * *" Accordingly, all employees of the Department of Human Services not specifically included in the unclassified service are by virtue of R.C. 124.11(B) in the classified service.

R.C. 124.11(A) defines the "unclassified service" and specifies what positions shall be included therein. Particularly pertinent to the issues herein is R.C. 124.11(A)(9), which provides that the unclassified service shall include "[t]he deputies and assistants of elective or principal executive officers authorized to act for and in place of their principals, or holding a fiduciary relation to such principals * * *." The only conflict between statutes is a conflict between this section and the provision of R.C. 5101.07 that chiefs of divisions of the Depart-

ment of Human Services shall be in the classified, rather than unclassified, service. For this purpose, R.C. 5101.07 controls.

Although not specifically referring to R.C. 124.11(A)(9), it is obvious from the purported actions in September 1992 that respondents were acting pursuant to the authority of R.C. 124.11(A)(9) in purporting to change relators' positions from the classified to unclassified service. The effect of the express provision of R.C. 5101.07 is that the positions of chiefs of divisions of the Department of Human Services cannot be placed in the classified service by utilizing the provision of R.C. 124.11(A)(9).

■ Respondents further contend that, if this court is required to construe R.C. 5101.07 in relation to other statutes, relators have failed to demonstrate a clear legal right. We find no merit to this contention since, as indicated above, R.C. 5101.07 is express and clear, the only question being more of a factual nature as to whether relators are chiefs of divisions. For purposes of this motion, respondents have admitted that this is the case and have suggested no other possible conclusion. Respondents also contend that relators have an adequate remedy of law because, if they were removed from their positions in the future, they would have a right to appeal presumably pursuant to R.C. 124.32. Such remedy is not adequate and most certainly is not expeditious or timely. Relators have no present remedy and have no right to appeal from the actions changing their positions contrary to the express provisions of R.C. 5101.07. Respondents have suggested no other justification for their action.

Inasmuch as respondents have not, pursuant to Section 4 of Loc.R. 11 of this court, indicated that a ruling upon the motion to dismiss will not dispose of the merits of the case, we must assume that it will do so, especially since respondents have indicated no possible defense to this action other than those considered herein and found not to have merit. Accordingly, it is appropriate to reconsider our prior action and grant relators' motion for a peremptory writ. In light of our decision herein, respondents' motion for a protective order is rendered moot, as is relators' motion to compel discovery.

For the foregoing reasons, respondents' Civ.R. 12(B)(6) motion to dismiss is overruled, and such motion being dispositive of the merits, relators' motion for a peremptory writ is sustained, and a writ of mandamus is issued, ordering respondents to restore the positions of relators to the classified service in accordance with R.C. 5101.07.

*Motion to dismiss overruled*
*and writ granted.*

PEGGY BRYANT, P.J., and DESHLER, J., concur.