**BURKE, Appellant,**

v.

**OHIO DEPARTMENT OF HUMAN SERVICES, Appellee.**

Court of Common Pleas of Ohio,
Portage County.

No. 94 CV 0204.

Decided Sept. 27, 1994.

*Carol J. Crimi,* for appellant.

*John T. Williams,* for appellee.

---

GEORGE E. MARTIN, Judge.

This matter is before the court upon an appeal by Charlene Burke, plaintiff-appellant herein ("Burke"), from the decision of the Ohio Department of Human Services, defendant-appellee ("department"), requiring Burke to repay overpayment of welfare benefits she had received because of an error by the Portage County Department of Human Services ("county department").

## A. TRANSCRIPT OF PROCEEDINGS

The facts are not in dispute. The transcript of proceedings before the department reveals that Burke began working while receiving public assistance benefits through the county department. She reported this to her caseworker. The caseworker did not make the adjustment timely and, consequently, over a six-month period, Burke received approximately $2,285 more than she was entitled to collect. When the above circumstances were discovered by it, the county department started proceedings to recover the overpaid funds and food

stamps. Burke filed an appeal of the county department's proposed action to recover the overpaid funds. After a hearing before an attorney hearing examiner, the department determined that Burke was overpaid benefits, but the overpayment was considerably less than the county department had calculated. The department calculated the amount to be $2,285, and, with that revision, affirmed the decision below requiring Burke to repay the excess benefits she received.

Burke then filed the present appeal. She does not dispute the amount of the overpayment determined by the department.

## B. STANDARD OF REVIEW

In an administrative appeal, the court sits as a court of appeals. In deciding the matter, the court is limited to the record represented by the transcript of proceedings before the administrative agency. R.C. 119.12. The court's discretion is guided by R.C. 119.12, which provides:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law."

The court's review is limited to determining whether, upon consideration of the record, the department's decision is supported by reliable, probative, and substantial evidence and is in accordance with law. *Midwest Fireworks Mfg. Co. v. Hennosy* (1991), 71 Ohio App.3d 490, 494, 594 N.E.2d 725, 727. If the department's decision is lawful and supported by the evidence, its decision must be upheld. *Our Place, Inc. v. Ohio Liquor Control Comm.* (1992), 63 Ohio St.3d 570, 572, 589 N.E.2d 1303, 1305.

## C. DISCUSSION OF THE LAW AND FACTS

The issue presented by Burke is a simple one: Is a public assistance beneficiary required to return an overpayment of public assistance received because of the county department's failure to timely make the necessary adjustments? Burke's principal legal argument is that the recovery of funds is not in accordance with law, and the department should be equitably estopped from recovering the overpayment.

Ohio Adm.Code 5101:1–25–32 directs the county department to recover any overpayments "regardless of the date, reason, or cause of the overpayment."

This administrative rule was promulgated in order to comply with federal requirements for recoupment of public assistance overpayments. Section 2022(b)(2), Title 7, U.S.Code; Section 273.18(a), Title 7, C.F.R.; Section 602(a)(20), Title 42, U.S.Code; Section 233.20(13)(B), Title 45, C.F.R. This directive includes overpayments mistakenly received due to agency error. Ohio Adm.Code 5101:4–8–15. Such rules are necessary to continue to receive federal funds for the state's public assistance programs.

Except in a few circumspect situations, estoppel is generally not available against the state. *Ohio State Bd. of Pharmacy v. Frantz* (1990), 51 Ohio St.3d 143, 555 N.E.2d 630. This is not one of those situations. Burke simply has not made her case that she is entitled to equity here.

"The party claiming estoppel must have relied on conduct of an adversary in such a manner as to change his position for the worse and *that reliance must have been reasonable in that the party claiming estoppel did not know and could have not known that its adversary's conduct was misleading.*" *Ohio State Bd. of Pharmacy v. Frantz, supra*, 51 Ohio St.3d at 145, 555 N.E.2d at 633.

Burke cannot reasonably maintain that she did not know, or reasonably could not have known, that she was being overpaid benefits. She was required to report her employment to the county department for the express purpose of adjusting her benefits. When the benefit payments kept coming at the previous amount, Burke apparently kept (or spent) the funds and food stamps rather than immediately contacting the agency and making provision for return of the overpayments. How, then, can she maintain that she *reasonably relied* on the county department's actions exclusively, rather than creating her own dilemma. Her spending of the funds and food stamps is understandable, but her refusal to repay them based upon principles of "equity" is not.

Burke admits that the decision in *Longo v. Ohio Dept. of Human Serv.* (Jan. 6, 1992), Trumbull C.P. No. 91 CV 863, unreported, is troubling. Its reasoning, if adopted here, is more than troubling, it is dispositive. This court agrees with the Trumbull County Common Pleas Court's disposition of the issue presented here.

Burke cites many cases in support of her proposition, none of which emanates from this judicial district, and most of which neither arise in this state nor interpret Ohio law. These cases are not binding on this court, but, more important, none is persuasive.

Burke particularly cites *McKenzie v. Ohio Dept. of Human Serv.* (Apr. 20, 1990), Montgomery C.P. No. 89–4155, unreported, for the proposition that equity can be applied in the present situation. The issue of equitable estoppel was not before that court, and its pronouncement in that regard was simply *dicta*.

Burke's final plea is that repayment will work an undue hardship on her. It can be questioned that any hardship is "undue" for reasons stated above, but, that aside, the court is not unmindful of the hardship here. Admittedly, Burke's situation is compelling as evidenced by the rulings of the other courts cited by her. However, the state of Ohio, in administering great and costly programs, cannot be responsible to alleviate all resultant hardships. The General Assembly has authorized the department to issue rules consistent with this state's continued receipt of federal funds for its public assistance programs, programs from which Burke received a substantial benefit. This court cannot and will not grant Burke her real entreaty—to substitute its individual judgment for that of the department, whose authority to issue and enforce reasonable rules has been entrusted to it by the representatives of the people of this state.

## D. CONCLUSION

The department's decision that Burke must repay the specified amounts of public assistance overpayment is supported by reliable, probative, and substantial evidence and is in accordance with law. Absent a determination to the contrary, this court cannot overturn that decision, and the court must therefore affirm the decision of the department.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that the appeal of plaintiff-appellant Charlene Burke be and hereby is denied, and the decision of defendant-appellant Ohio Department of Human Services be and hereby is affirmed.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the motion of plaintiff-appellant Charlene Burke to proceed *in forma pauperis* be and hereby is granted.

Costs to be waived.

The Clerk is directed to serve upon all parties notice of this judgment and its date of entry upon the journal in accordance with Civ.R. 58(B).

SO ORDERED.

*Judgment accordingly.*