RED GARTER, INC. et al., Appellants,

v.

CLEVELAND BOARD OF ZONING APPEALS, Appellee.

[Cite as *Red Garter, Inc. v. Cleveland Bd. of Zoning Appeals* (1995), 100 Ohio App.3d 177.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67295.

Decided Jan. 17, 1995.

178

*Richard G. Lillie* and *Jennifer A. Kriausky,* for appellants.

*Sharon Sobol Jordon,* Cleveland Director of Law, and *Dennis A. Matejka,* Assistant Director of Law, for appellee.

*Baker & Hostetler, Jose C. Feliciano* and *Loretta H. Garrison,* for *amicus curiae,* Plain Dealer Publishing Co.

*Per Curiam.*

Plaintiffs-appellants Red Garter, Inc. and Cuyahoga Cinemas, Inc. timely appeal from an April 20, 1994 judgment of the Cuyahoga County Common Pleas Court which, acting within its appellate jurisdiction, affirmed the decision of defendant-appellee Cleveland Board of Zoning Appeals ("the board"). The board previously affirmed the decision of the Cleveland Department of Community Development Division of Building and Housing ("Cleveland") which denied appellants' application for plan examination and building permit.

Appellants were owners and operators of an establishment called the Red Garter which was located at 1933–37 St. Clair Avenue, Cleveland, Ohio. The Red

Garter provided multiple adult entertainment uses, *viz.*, an adult bookstore, an adult mini-motion picture theatre and an adult entertainment cabaret. Appellants established the Red Garter in 1985 but failed to obtain, at that time, a certificate of occupancy pursuant to Cleveland Codified Ordinances 327.02.

On December 1, 1992, appellants filed with Cleveland an application for plan examination and building permit. In this application, appellants sought permission to operate within the Red Garter multiple adult entertainment uses, *viz.*, an adult entertainment cabaret, an adult book store and either an adult mini-motion picture theatre or an adult motion picture theatre. Cleveland, thereafter, denied appellants' application citing Cleveland Codified Ordinances 347.07, effective June 26, 1991, which prohibits (1) two adult entertainment uses to be located on the same premises; (2) one adult entertainment use to be located within one thousand feet of another adult entertainment use; and (3) an adult entertainment use to be located within one thousand feet of a church or school.

Appellants then appealed to the board from Cleveland's denial of their building application. While this appeal was pending, the Red Garter was completely destroyed by fire in April 1993 and subsequently condemned. A hearing was conducted on August 16, 1993 before the board with all parties and witnesses present. On August 23, 1993, the board affirmed Cleveland's decision stating in relevant part as follows:

"1. The evidence establishes that the property has been located in a Semi-Industry District since 1929; that the violation relating to the distance between adult entertainment uses [number 2, *supra* ] was *withdrawn* by the Division of Buildings.

"2. No exceptional local condition exists in this vicinity to justify the Board in making the variance requested.

"3. Granting the appeal would be detrimental to the general welfare of the neighbors and to the value of their properties and would be contrary to the intent and purpose of the zoning ordinances.

"4. In being refused this appeal the owner will not suffer an unreasonable hardship since he is not denied any use of property not also denied other owners in that district similarly situated * * *." (Emphasis added.)

During mid–1993, appellants purchased the property involved herein. Appellants then timely appealed on September 15, 1993 to the Cuyahoga County Common Pleas Court, where appellants argued the following: (1) currently existing zoning ordinances were enacted subsequent to 1985; (2) since the Red Garter was legally operating under an existing nonconforming use since 1985, Red Garter was not required to conform to ordinances enacted subsequent to

1985; and (3) Cleveland's denial of appellants' building application was an unconstitutional "taking" of appellants' property.

Appellee filed an opposition brief and the Plain Dealer Publishing Company ("Plain Dealer") filed a brief of *amicus curiae*. Appellee and *amicus curiae* argued as follows: (1) since appellants failed to obtain a certificate of occupancy to operate the Red Garter in 1985, the Red Garter was operating under an *illegal* rather than a *legal* nonconforming use; (2) the Red Garter was located within one thousand feet of a church and school; (3) appellants failed to meet the requirements for a variance from the zoning ordinances; and (4) since the Red Garter was completely destroyed by fire in April 1993, appellants were required to restore the Red Garter in compliance with currently existing zoning ordinances.

In addition, Plain Dealer stated in its brief that it maintained an office one block from the Red Garter and that Plain Dealer parking facilities were located directly across the street from the Red Garter. Plain Dealer further contended that evidence contained in the record before the board demonstrated that the Red Garter was a nuisance. Plain Dealer noted the testimonies of witnesses at the board hearing which established that "scantily dressed women" wandered inside the Plain Dealer parking garage accosting Plain Dealer employees and that numerous arrests had been made upon the Red Garter premises for prostitution, obscenity and possession of marijuana. Plain Dealer also cited to testimony before the board demonstrating that the Red Garter building itself was unsanitary and a fire hazard.

On April 20, 1994, the common pleas court affirmed the board's decision. In its order, the common pleas court stated in relevant part as follows:

"Since 1979, the applicable zoning or ordinance requires that adult entertainment uses must be located more than one thousand (1,000) feet from a church and school, and no more than one adult use is permitted on the same premises or lot.

*"Based on the foregoing, the Court finds that the Cleveland Zoning Board of Appeals properly found that the appellants' adult entertainment business did not constitute a legal nonconforming use.* Thus, the Court affirms the decision of the Zoning Board of Appeals in this respect.

"Even assuming *arguendo* that the appellants have established a legal nonconforming use, which the Court does not find, *the fact that the appellants have closed the business for repair and restoration requires them to operate a use which is in compliance with the current City Zoning Code.* The appellants admit that the building underwent extensive structural damage due to a fire.
* * *

"Finally, there is sufficient evidence in the record to indicate that the granting of the variance would be contrary to the intent of the City of Cleveland Zoning

Code. It is apparent that the restriction of adult entertainment uses was enacted to control the negative secondary effects of adult uses, as well as provide for the safe and orderly development of neighborhoods throughout the City of Cleveland. *Testimony from representatives from near or adjacent properties establishes that there were genuine safety concerns for employees and visitors who park and walk to work.*" (Emphasis added.)

Appellants, thereafter, filed a timely appeal to this court.

■ In *Lawson v. Foster* (1992), 76 Ohio App.3d 784, 789, 603 N.E.2d 370, 372, the court defined the standard of review as follows:

"In determining whether the common pleas court properly applied the standard of review set forth in R.C. 2506.04,[1] this court has a limited function. This court's determination is limited to the question of whether, as a matter of law, a preponderance of reliable, probative and substantial evidence exists to support the decision of the board." (Footnote added.)

The standard of review for the appellate court to determine is whether the common pleas court abused its discretion. *Midwest Fireworks Mfg. Co., Inc. v. Hennosy* (1991), 71 Ohio App.3d 490, 594 N.E.2d 725.

Appellants' first assignment of error follows:

"I. Appellant's [*sic*] business meets the zoning requirement that it not be within 1,000 feet of any school or church, and therefore conforms with Cleveland Ordinance § 340.07(B)(4) [*sic*]."

This assignment has merit.

Cleveland Codified Ordinances 347.07 states in relevant part as follows:

"(b) [W]hen permitted in a use district, adult entertainment uses are subject to the following location restrictions. * * *

"(4) No adult entertainment use shall be located within 1,000 feet of a church, hospital, elementary, junior high or high school, library, playground, or institutional use. * * *"

In the case *sub judice*, Cleveland denied appellants' application based in part upon Cleveland's finding that the Red Garter was located within one thousand feet of a church and a school. Appellants claimed in their appeals to the board and the common pleas court that the Red Garter was located more than one

---

1. R.C. 2506.04 states in relevant part as follows: "The court may find that the order * * * is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. * * * The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."

thousand feet from the particular church and school referenced by Cleveland. The common pleas court, as noted *supra*, found that the Red Garter did not constitute a legal nonconforming use since it was located within one thousand feet of that particular church and school.

In the appeal *sub judice*, however, appellee for the first time admits that Cleveland made an erroneous measurement and that the Red Garter was located more than one thousand feet from the church and the school referenced by Cleveland. In addition, appellants argue they presented testimony to the board that established the Red Garter was not located within one thousand feet of that particular church and school.

Based upon the foregoing facts, a preponderance of reliable, probative and substantial evidence did not exist in support of the board's decision that the Red Garter was operated within one thousand feet of a school and a church. *Lawson, supra*. The common pleas court, therefore, abused its discretion when it found by a preponderance of reliable, probative and substantial evidence that the Red Garter was operating within one thousand feet of a school and a church. *Midwest Fireworks, supra*. Appellants' first assignment of error has merit and, therefore, is sustained.

In order to maintain continuity, appellants' third and fourth assignments of error will be next addressed.

Appellants' third assignment of error follows:

"III. The status of a non-conforming use is lost only when the intent of the owner to discontinue the use is apparent."

This assignment lacks merit.

▇ Appellants contend in this assignment of error that they are not required to conform to the zoning ordinances currently in existence based upon Cleveland Codified Ordinances 359.02 [2] since the Red Garter was destroyed by fire. Appellants admit in their appellate brief that the fire was an act of God. Appellants argue, however, that since the fire was an act of God, appellants did not intentionally abandon their nonconforming use. Appellants' analysis is flawed, however, since Cleveland Codified Ordinances 359.03(b), rather than 359.02, is controlling.

359.03(b) states in relevant part as follows:

---

2. Cleveland Codified Ordinances 359.02 states in relevant part as follows: "(a) A nonconforming use of a building or premises which has been abandoned shall not thereafter be returned to such nonconforming use. (b) A nonconforming use shall be considered abandoned: (1) When the intent of the owner to discontinue the use is apparent. * * * * "

"A nonconforming *building or use* more than fifty percent destroyed or removed by whatever cause, *including acts of God* but not including acts of malicious mischief or vandalism, *shall not be restored or replaced except in conformity with the regulations for the district in which it is located.*" (Emphasis added.)

In the case *sub judice,* it was undisputed that the Red Garter *building* was destroyed nearly in its entirety and subsequently condemned. In addition, it was undisputed that due to the destruction of the Red Garter building, the Red Garter was closed to the public and, therefore, appellants' multiple adult entertainment *uses* were also destroyed. In accordance with Cleveland Codified Ordinances 359.03(b), *supra,* appellants are required to conform with currently existing zoning ordinances when they restore or replace the Red Garter.

Appellants rely in part upon *Cicerella, Inc. v. Jerusalem Twp. Bd. of Zoning Appeals* (1978), 59 Ohio App.2d 31, 13 O.O.3d 99, 392 N.E.2d 574, however, appellants' reliance is misplaced. In *Cicerella,* the ordinance which was the subject of that case, *viz.,* Ordinance 7.5–5, established a standard based upon the *value* of the building whereas Cleveland Codified Ordinances 359.03(b), which is determinative in the case *sub judice,* establishes a standard based upon the percentage of destruction to the building itself.

Ordinance 7.5–5 in *Cicerella* stated as follows:

"A non-conforming building or structure, which is damaged by explosion, fire, Act of God, or the public enemy, to the extent of *not more than 75 percent of its value* at the time of damage, may be restored and the same use or occupancy continued, provided that such restoration is started within a period of one year. In the event that such damage exceeds 75 percent *of the value* at the time of damage, no repairs or construction shall be made unless every portion of the building is made to conform to all regulations for new buildings in the district in which it is located." (Emphasis added.)

In contrast, Cleveland Codified Ordinances 359.03(b) establishes a standard based upon only the percentage of destruction or damage to the physical structure of the building itself. Thus, *Cicerella* is inapposite to the case *sub judice.* In *Cicerella,* the court found insufficient evidence in support of a finding that the fire damage exceeded seventy-five percent of the *value* of the building. In the case *sub judice,* it was undisputed that more than fifty percent of the *uses and structure* of the Red Garter were damaged and, thus, Cleveland Codified Ordinances 359.03(b) was satisfied, thereby, justifying the condemnation of the building.

Based upon the foregoing analysis, a preponderance of reliable, probative and substantial evidence did exist in support of the board's decision that appellants

were required to comply with currently existing zoning ordinances.  Cleveland Codified Ordinances 359.03(b); *Lawson, supra.*  The common pleas court did not, therefore, abuse its discretion when it so concluded.  *Midwest Fireworks, supra.*  Appellants' third assignment of error lacks merit and is, therefore, overruled.

Appellants' fourth assignment of error follows:

"IV.  Although appellant [*sic*] has not specifically requested a variance, the requisite elements are nonetheless met."

This assignment lacks merit.

In *Consol. Mgmt., Inc. v. Cleveland* (1983), 6 Ohio St.3d 238, 6 OBR 307, 452 N.E.2d 1287, the Ohio Supreme Court stated that in order for the board to grant a variance, the applicant must prove all the following:  (1) the zoning classification presents an unnecessary hardship or practical difficulty to the intended use of the property;  (2) refusal of the variance will deprive the owner of substantial property rights;  and (3) the granting of the variance would not be contrary to the intent of the zoning code.  In the case *sub judice*, the record contains no evidence to sustain the above three elements upon which a variance may be granted.

The record is devoid of any evidence that appellants will suffer an unnecessary hardship or practical difficulty or be deprived of substantial property rights by conforming with currently existing zoning ordinances.  It is noted that both the building and the uses of the Red Garter were destroyed by fire and appellants, therefore, are presently unable to operate a business upon those premises at this time.  Appellants, thus, are not being deprived of income they might otherwise be generating.  In addition, since the Red Garter was located in a semi-industrial district, appellants may use the premises for a wide variety of business and commercial ventures in conformity with the zoning ordinances.

In addition, it has already been noted *supra* that appellants purchased the within property in mid–1993.  In *Consol. Mgmt., supra*, 6 Ohio St.3d at 242, 6 OBR at 311, 452 N.E.2d at 1291, the Ohio Supreme Court stated in relevant part as follows:

"Where a purchaser of commercial property acquires the premises with knowledge of the zoning restrictions, he has created his own hardship and generally cannot thereafter apply for a zoning variance based on such hardship."

Furthermore, the record contains no evidence the granting of appellants' variance would not be contrary to the intent of the zoning code.  In fact, the evidence before the board demonstrated quite the opposite, *viz.*, that the granting of appellants' variance might have contravened the intent of the zoning code.

Cleveland Codified Ordinances 327.01 states in relevant part as follows:

"(a) In interpreting and applying the provisions of this Zoning Code, they shall be held to be the minimum requirements adopted for the promotion of public health, safety, morals and general welfare."

In the case *sub judice*, evidence was adduced before the board demonstrating that Plain Dealer employees were subject to constant harassment from patrons of the Red Garter, the Red Garter building itself created a danger of fire for neighboring buildings and Red Garter patrons were often arrested for prostitution and possession of illegal drugs. Based upon this evidence which was neither contested nor rebutted, it is clear that appellants failed to adduce evidence that the granting of their variance would not be contrary to the intent of the zoning code as expressed in Cleveland Codified Ordinances 327.01(a), *supra*.

Since appellants failed to meet the evidentiary burden established in *Consol. Mgmt., supra*, appellants were not entitled to receive a variance based upon the zoning ordinances. In accordance with the foregoing analysis, a preponderance of reliable, probative and substantial evidence did exist in support of the board's decision denying appellants a variance. *Lawson, supra*. The common pleas court, therefore, did not abuse its discretion when it so concluded. *Midwest Fireworks, supra*. Appellants' fourth assignment of error lacks merit and is, therefore, overruled.

Appellants' second assignment of error follows:

"Because appellant conforms with zoning regulations which were in place at the time of its opining [*sic*] in 1985, current zoning ordinances are inapplicable and appellant therefore exists lawfully under the grandfather exception."

This assignment lacks merit.

In assignment of error three *supra*, it was determined that appellants are required to conform with existing zoning ordinances when they replace or restore the Red Garter. The ruling in assignment of error three, thus, renders moot assignment of error two; therefore, appellants' second assignment of error need not be reviewed pursuant to App.R. 12(A)(1)(c) [3].

In summary, appellants' first assignment of error is sustained. However, inasmuch as the building and uses of the Red Garter were more than fifty percent destroyed by fire, appellants are required to conform with existing zoning ordinances when they replace or restore the Red Garter. Appellants' third and

---

**3.** App.R. 12(A) states in relevant part as follows: "(1) On an undismissed appeal from a trial court, a court of appeals shall do all of the following:

"* * *

"(c) Unless an assignment of error is made moot by a ruling on another assignment of error, decide each assignment of error and give reasons in writing for its decision."

fourth assignments of error are overruled. The ruling in assignment of error three renders moot assignment of error two.

*Judgment affirmed.*

NAHRA, C.J., PATTON and KRUPANSKY, JJ., concur.