**GUTHRIE, Appellant,**

v.

**OHIO DEPARTMENT OF HUMAN SERVICES, Appellee.**

[Cite as *Guthrie v. Ohio Dept. of Human Serv.* (1995), 100 Ohio App.3d 519.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE05–708.

Decided Jan. 31, 1995.

520

*Berry & Shoemaker* and *Kevin L. Shoemaker,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Pamela J. Gordon,* Assistant Attorney General, for appellee.

---

PETREE, Judge.

Appellant, Paul Guthrie, appeals from a judgment of the Franklin County Court of Common Pleas affirming a decision of the State Personnel Board of Review ("SPBR"), which dismissed appellant's appeal of his removal by appellee, Ohio Department of Human Services.

Appellant sets forth the following assignments of error:

"I. The lower court erred by finding that the State Personnel Board of Review decision was in accordance with law.

"II. The State Personnel Board of Review decision regarding estoppel was contrary to law."

Appellant was appointed to a position as Human Resources Administrator in the Ohio Department of Human Services in March 1991. He was subsequently removed from that position on January 15, 1993, without the benefit of an R.C. 124.34 order. Appellant appealed his removal to the SPBR, which held an evidentiary hearing to determine its jurisdiction in the matter. The SPBR determined that it did not have jurisdiction of appellant's appeal, since appellant's position was in the unclassified civil service pursuant to R.C. 124.11(A)(9), and that appellant was a fiduciary employee. The SPBR did not determine whether appellee was a division chief. Accordingly, the SPBR dismissed appellant's appeal by order dated August 10, 1993.

Appellant timely appealed to the common pleas court from this decision pursuant to R.C. 119.12. A hearing was conducted by the common pleas court upon the certified record of the SPBR and the briefs submitted by the parties; no additional evidence was taken. Appellant did not challenge in the common pleas court the SPBR's factual determination that he was a fiduciary employee; rather, he argued that he was entitled to classified status as a division chief under R.C. 5101.07. The common pleas court affirmed the order of the SPBR by judgment entry dated May 18, 1994. Appellant has appealed to this court from that decision.

In appellant's first assignment of error, appellant argues that R.C. 5101.07 and this court's prior decision in *State ex rel. Adams v. Wallace* (1993), 92 Ohio App.3d 462, 636 N.E.2d 329, require that he be treated as a classified employee since he held a position as a division chief, regardless of whether he is a fiduciary employee under R.C. 124.11(A)(9).

R.C. 5101.06 provides:

"The director of human services may establish divisions and prescribe their powers and duties."

R.C. 5101.07 provides, in relevant part:

"Each division authorized by section 5101.06 of the Revised Code shall consist of a chief and the officers and employees, including those in institutions, necessary for the performance of the functions assigned to it. * * * The director shall appoint the chief of each division, who shall be in the classified service, and all other employees of the department. The chief of each division shall be a person who has had special training and experience in the type of work with the performance of which the division is charged. * * * Each chief of a division, under the director of human services, shall have entire executive charge of the division for which he is appointed."

The Ohio Administrative Code indicates that four "divisions" have been established within the Ohio Department of Human Services:

(1) Division of Food Stamps (Ohio Adm.Code 5101:4–1 through 5101:4–39),

(2) Division of Medical Assistance (Ohio Adm.Code 5101:3–1 through 5101:3–60),

(3) Division of Public Assistance (Ohio Adm.Code 5101:1–1 through 5101:1–47), and

(4) Division of Social Services (Ohio Adm.Code 5101:2–5 through 5101:2–57).

Appellant makes no argument that he is chief of any of these divisions. However, he contends that this court's prior opinion in *State ex rel. Adams, supra,* dictates that he be considered a division chief.[1] We disagree.

In *State ex rel. Adams,* several employees of the Ohio Department of Human Services filed a mandamus action in this court alleging that their appointing authority had illegally changed their positions from the classified civil service to the unclassified civil service in violation of R.C. 5101.07. Respondent, Ohio Department of Human Services, filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief could be granted.

In ruling on the motion to dismiss, we stated:

"The complaint alleges that the positions held by the relators are positions of chief of division and have been so considered for many years. The Civ.R. 12(B)(6) motion to dismiss admits all the allegations of the complaint, including that the positions involved are chiefs of the divisions, and including the various documents attached to the complaint." *Id.,* 92 Ohio App.3d at 464, 636 N.E.2d at 330.

*State ex rel. Adams* is clearly distinguishable from the instant case in that the factual issue of appellant's status as a division chief has not been admitted by a procedural motion. To the contrary, this was a contested issue in proceedings before SPBR. Furthermore, our opinion in *State ex rel. Adams* stands for the proposition that, under R.C. 5101.07, division chiefs must be considered classified civil servants, even though they may also be fiduciary employees within the meaning of R.C. 124.11(A)(9).[2] Our opinion should not be read to suggest that

---

1. "Divisions" within the Department of Agriculture, the Department of Natural Resources, the Department of Industrial Relations, the Department of Liquor Control and the Department of Insurance have been established by the legislature. See R.C. 124.04. "Divisions" within the Department of Commerce are established by R.C. 121.08.

2. Although we acknowledged that the issue of relators' status as division chiefs was a factual issue which could not be resolved upon a procedural motion, we granted the requested writ under the authority of Loc.R. 11, Section 4, of the Tenth District Court of Appeals. *Id.,* 92 Ohio App.3d at 466, 636 N.E.2d at 331–332. In our opinion, we stated:

any employee who holds a fiduciary position, under R.C. 124.11(A)(9), must necessarily be considered a "division chief," as that term is used in R.C. 5101.07.

■ In our view, the issue for this court in reviewing the affirmance of the SPBR order by the common pleas court is whether the common pleas court abused its discretion in determining that the order was supported by reliable, probative and substantial evidence. See R.C. 119.12; *Cook v. Maxwell* (1989), 57 Ohio App.3d 131, 567 N.E.2d 292; *Midwest Fireworks Mfg. Co., Inc. v. Hennosy* (1991), 71 Ohio App.3d 490, 594 N.E.2d 725; *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 614 N.E.2d 748; and *Ohio Historical Soc. v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 466, 613 N.E.2d 591. More particularly, whether the common pleas court erred in affirming the board's conclusion that appellant was an unclassified employee in light of his claim that he was a division chief. Upon review of the record, we find an absence of reliable, probative and substantial evidence that appellant was a division chief. Indeed, there is no evidence in the record that supports the conclusion that a division was ever established by the director of the Ohio Department of Human Services over which appellant may claim to be chief. Simply introducing as an exhibit a table of organization which shows the existence of bureaus rather than divisions is not reliable, probative or substantial evidence that appellant was a division chief as discussed in *Adams*.

R.C. 121.07 provides, in part:

"With the approval of the governor, the director of each department shall establish divisions within his department, and distribute the work of the department among such divisions. Each officer created by section 121.04 of the Revised Code shall be the head of such a division."

As stated above, the Ohio Administrative Code enumerates four "divisions" within the Ohio Department of Human Services.[3] In proceedings before the SPBR, an organizational chart was admitted into evidence showing appellant's position to be that of "Chief of the Bureau of Human Resources," within the

---

"Inasmuch as respondents have not, pursuant to Section 4 of Loc.R. 11 of this court, indicated that a ruling upon the motion to dismiss will not dispose of the merits of the case, we must assume that it will do so, especially since respondents have indicated no possible defense to this action other than those considered herein and found not to have merit." *Id.*

**3.** R.C. 121.01(B) defines the term "division" as follows:

" 'Division' means a part of a department established as provided in section 121.07 of the Revised Code for the convenient performance of one or more of the functions committed to a department."

"Office of Internal Administration."[4] "Divisions" are not specifically delineated in the organizational chart. Appellant contends that the Bureau of Human Services within the Office of Internal Administration is, in actuality, a division of the Ohio Department of Human Services. However, there is no evidence in the record that such a division was ever established by the director in accordance with R.C. 121.07 or in any other manner.

James Conrad, Director of the Ohio Department of Human Services, was called to testify at the proceedings before the SPBR. Conrad was never asked whether the Bureau of Human Resources was established as a division within the Ohio Department of Human Services. Terry Wallace, former Director of the Ohio Department of Human Services, was subpoenaed to testify on behalf of appellant, but he was never called as a witness. The only attempt made by appellant to introduce evidence on this issue in proceedings before the SPBR occurred during cross-examination of Jack Alsop. Alsop is the deputy in charge of the Office of Internal Administration and was appellant's supervisor. During cross-examination, the following exchange took place:

"Q. [MR. SHOEMAKER] * * * Let me ask you something. Were there ever divisions designated on the organizational chart while you were doing your investigation?

"A. [MR. ALSOP] There were bureaus.

"Q. Okay. There were no divisions, however; correct?

"A. That's correct.

"Q. While you've been at the department have you done any review to determine why there are no divisions within the Department of Human Services?

"A. No.

"MS. GORDON: Objection. This is irrelevant.

"MR. SHOEMAKER: It's absolutely relevant. It's absolutely relevant based upon the legal argument that the director can only create divisions and that division chiefs are, in fact, classified.

"MS. GORDON: We don't need to know what other bureau chiefs, division chiefs, whatever you want to call them are in existence. We're only concerned with what Mr. Guthrie's job duties were.

"MR. SHOEMAKER: And we believe him to be a division chief, clearly a division chief, because that's what the statute says. We didn't write it. Mr.

---

4. In Chapter 124, a distinction is made between "divisions," "offices," and "bureaus." However, only the term "division" is defined in the chapter.

Guthrie and I didn't write the statute. The legislature did. And we have this old-fashioned, you know, affinity for trying to follow what the statute says.

"MS. GORDON: I think the statute is subject to interpretation and that's what this board is here for.

"MR. SHOEMAKER: And that's why I'd like to ask the questions—

"MS. GORDON: I don't think—

"MR. SHOEMAKER:—About this subject.

"CHAIRMAN HAMILTON: Sustained.

"MR. SHOEMAKER: We will note an—

"CHAIRMAN HAMILTON: So noted.

"MR. SHOEMAKER:—Exception to that ruling."

Appellant's attorney did not proffer for the record the testimony he expected to obtain from Alsop concerning the existence of the divisions, or their equivalent, in the Ohio Department of Human Services. Moreover, the substance of the testimony is not apparent on the face of the record. See Evid.R. 104; *State v. Gilmore* (1986), 28 Ohio St.3d 190, 28 OBR 278, 503 N.E.2d 147. Additionally, the SPBR's failure to permit the testimony was not raised as an issue on appeal to the common pleas court, nor did appellant request the opportunity to present additional evidence that issue. See R.C. 119.12; *Ohio Motor Vehicle Dealers Bd. v. Cent. Cadillac Co.* (1984), 14 Ohio St.3d 64, 14 OBR 456, 471 N.E.2d 488 (the hearing required by R.C. 119.12 may be limited to a review of the record, or, at the judge's discretion, the hearing may involve the acceptance of briefs, oral argument and/or newly discovered evidence). Consequently, while this court may disagree with the SPBR's determination of the relevancy of this testimony, the question of the propriety of its ruling has not been preserved for appellate review. Additionally, appellant's failure to pursue this issue with any of the other witnesses who testified, particularly Director Conrad, has resulted in a record which is devoid of any evidence to support appellant's assertion that he was a division chief. Although the SPBR did not specifically address appellant's alleged status as a division chief, given the absence of any evidence that appellant was chief of a division, the SPBR's failure to expressly make a finding in this regard could not have prejudiced appellant. Moreover, the board did distinguish *State ex rel. Adams,* stating that appellant was not similarly situated to the appellants in *Adams.*

As noted above, appellant has conceded that he was a fiduciary employee under R.C. 124.11(A)(9). Thus, in light of the complete absence of any evidence in the record to support appellant's contention that he was a division chief, we must conclude that the common pleas court did not abuse its discretion in affirming the

SPBR's determination that appellant was an unclassified employee, although for reasons other than those set forth by the trial court. *April v. Reflector–Herald, Inc.* (1988), 46 Ohio App.3d 95, 97, 546 N.E.2d 466, 468.

Appellant's first assignment of error is overruled.

In his second assignment of error, appellant contends that the SPBR erred when it applied the estoppel doctrine as a basis for determining that it lacked jurisdiction. However, the trial court did not expressly address the issue of estoppel, nor did the court rely on the doctrine as a basis for its decision. Moreover, given our resolution of appellant's first assignment of error, the issue of estoppel is moot.

Accordingly, appellant's second assignment of error is moot and not decided by this court.

Having overruled appellant's first assignment of error, and having found appellant's second assignment of error to be moot, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BOWMAN, J., concurs.

WHITESIDE, P.J., dissents.

WHITESIDE, Presiding Judge, dissenting.

Being unable to concur in the majority opinion and judgment, I must respectfully dissent.

In effect, this court, like the trial court, is affirming a finding not made by the State Personnel Board of Review ("SPBR"). Instead, this case should be remanded to the SPBR to make the initial determination of whether appellant was the chief of a division, an issue not determined by SPBR. Rather, the SPBR found that, since appellant held a fiduciary position within the contemplation of R.C. 124.11(A)(9), his position was automatically in the unclassified service without consideration of the effect of R.C. 5101.07 allegedly placing it in the classified service.

Even assuming the factual analysis of the majority opinion to be correct, such a determination should be made initially by the SPBR, not the common pleas court or this court.